THE MISSOURI PACIFIC RAILWAY COMPANY v. DAN. P. SMITH.

No. 7382.

1. **Practice—Depositions—General Interrogatory.**—On the trial the defendant offered to read the answer of a witness taken by deposition to the following interrogatory: "If you know anything else that would be of benefit to either party, state it as fully as though you had been specially interrogated thereto." Objection was made, "that the question was too general and indefinite, and did not call for any specific answer." It did not appear *when* the depositions had been filed. *Held*, that although the objection goes to the manner of taking the depositions, it will not be presumed against the ruling of the trial court that the suppressed depositions had been on file for *one day* before the commencement of the trial, so as to preclude oral objections when the depositions were offered.

2. **Manner and Form of Taking Depositions.**—Commission to take depositions of "Van Horn." The answers were signed by "Van Vorhis." The depositions had been on file more than one entire day before the trial and no written objections had been filed. *Held*, that objections made on ground of the variance came too late if first urged when the depositions were offered in evidence. Such objections go to the manner and form of taking the depositions.

3. **One Joint Owner of Personal Property may Sue for its Injury.**—One partner may maintain suit for damages for injury caused partnership property.

4. **Consignor may Sue Carrier for Injury to the Freight.** —The consignor may sue the carrier for breach of the freight contract (e. g., for injury to stock shipped) without reference to his property in the goods shipped,

5. **Incompetent Testimony—Case in Judgment.**—Suit for damages for injuries caused by the railway company to certain horses shipped by the plaintiff. On the trial the plaintiff was permitted to testify, that there was damage to other horses than those specified in his statement of his cause of action, and as to the amount of damages claimed. This was calculated to mislead the jury to the prejudice of the defendant, and to induce them to give damages not sued for, and should have been excluded.

APPEAL from Bexar. Tried below before Hon. G. H. NOONAN. No statement is necessary.

*Carr & Lewis*, for appellant.—1. A sworn plea in abatement alleging that plaintiff was not the sole owner of the horses for whose alleged injury he was seeking to recover damages goes directly to plaintiff's title,

and may be made at any time before the trial closed. Stachely v. Peirce, 28 Texas, 328; Railway v. Rushin, 3 Ct. App. C. C., p. 317; Railway v. Hollingsworth, 2 Ct. App. C. C., p. 173; Turnpike Co. v. Fry (Tenn.), 12 S. W. Rep., 720.

2. When a deposition is on file more than one day before the day of trial, any objection to the form thereof or to the manner of taking the same shall be made in writing and notice thereof given to the opposite counsel. Sayles' Civ. Stats., art. 2235; Wade v. Love, 69 Texas, 522; Railway v. Ivy, 71 Texas, 409; Grigsby v. May, 57 Texas, 255; Jones v. Ford, 60 Texas, 127.

3. Joint owners of property injured by a wrongdoer must join in an action to recover damages for such injury, and one joint owner or part owner can not recover alone. Railway v. Rushin, 3 Ct. App. C. C., p. 317; Stachely v. Peirce, 28 Texas, 328; Speake v. Prewitt, 6 Texas, 251; Railway v. Hollingsworth, 2 Ct. App. C. C., p. 173; Turnpike Co. v. Fry (Tenn.), 12 S. W. Rep., 720; 3 Wood Ry. Law, sec. 453.

No brief for appellee reached the Reporter.

GAINES, Associate Justice.—The appellee brought this action in a Justice Court to recover for the breach of a contract of carriage. The account filed as a statement of the cause of action claimed damages in the sum of $200 for injuries to twelve mares and two colts while in transit over appellant's road, under a contract made by the company with appellee. The case was tried in the Justice Court and appealed to the District Court, where the judgment was rendered from which this appeal was taken.

During the course of the trial the counsel for the defendant offered to read the answer of a witness taken by deposition to the following interrogatory: "If you know of anything else that would be of benefit to either party, state it as fully as though you had been specially interrogated thereto." The reading of the answer in evidence was objected to by the plaintiff, upon the ground that "the question was too general and indefinite, and did not call for any specific answer;" and the objection was sustained by the court. Appellant's brief asserts, that the deposition was filed April 20, 1888, which was more than a year before the trial.

If this statement was sustained by the record, we should be constrained to hold that the court erred in its ruling. It has been definitely settled by this court that such an objection goes to the manner and form of taking the deposition, and that when it has been filed one day before the case is called for final disposition the objection must be made in writing and notice given before the commencement of the trial. Wade v. Love, 69 Texas, 522; Railway v. Ivy, 71 Texas, 409. But the record does not show when the depositions were filed, and in

the absence of such showing we must indulge every reasonable presumption in favor of the correctness of the court's ruling, and must hold, that it was filed at such time as authorized the court to entertain the objection orally and during the progress of the trial. Therefore the record shows no error in the court's ruling in this particular. The same remarks apply to like rulings as to the answers of other witnesses to the same interrogatory.

It is also complained, that the court erred in excluding the deposition of one E. T. Van Vorhis, offered in evidence by the defendant. The notice of the filing of the interrogatories and the commission to take the deposition gave the name of the witness as "E. T. Van Horn." The answers were signed, "E. T. Van Vorhis." The objection was based upon this discrepancy. The deposition had been on file several months when the case was called for trial. That an objection of this character is to "the manner and form" of taking the deposition was in effect decided in the case of Jones v. Ford, 60 Texas, 127. After the trial had begun it came too late, and it should have been overruled. The object of the statute which requires an objection to the manner of taking a deposition which has been on file one day before the trial to be made in writing before the trial commences (Rev. Stats., art. 2235), was to relieve parties from the necessity of suppressing depositions taken in their own behalf, and to enable them to go to trial relying upon their admissibility, unless notified that they were objected to by the opposite party. The rule prevents surprise, by enabling a party whose depositions have been quashed to move for a continuance before announcing ready.

After the case had been appealed to the District Court the defendant filed a plea in abatement, alleging that one Johnson was a joint owner with the plaintiff in the horses which were alleged to have been injured, and that that fact did not come to the knowledge of the defendant until after the appeal; and praying that the suit abate for want of the proper parties plaintiff. The plea was excepted to on several grounds, and the exception was sustained. Evidence was also introduced upon the trial tending to show that the horses which were alleged to be injured belonged to plaintiff and Johnson as partners; and the court was requested to instruct the jury on behalf of the defendants, to the effect, that if the animals belonged both to plaintiff and Johnson they should return a verdict for the defendant.

We are of the opinion that the court did not err in these rulings. We think the plaintiff had a right to sue alone, although the horses may have been the partnership property of himself and another. The exact form and terms of the contract of carriage do not appear from the record. The defendant, however, pleaded that the horses were shipped under a special contract in writing made between the plaintiff and itself. The testimony also shows, that the contract was made

with the plaintiff alone and ostensibly for his own benefit.    He seems
to have been both consignor and consignee.    The English doctrine
seems to be, that as a general rule the owner of the goods, whether
consignor or consignee, must bring the action for a breach of the con-
tract to carry and deliver the goods in safe condition; but there are
American cases which hold, that when the contract is made directly
with the consignor, he, as the party to the contract, has the right to
sue in his own name for the breach without reference to his property
in the goods.    Blanchard v. Page, 8 Gray, 281; Hooper v. Railway,
27 Wis., 81; Express Co. v. Croft, 49 Miss., 480.    The Supreme Court
of Wisconsin say:    "The shipper is the party in interest to the con-
tract, and it does not lie with the carrier who made the contract with
him to say, upon a breach of it, that he is not entitled to recover the
damages unless it be shown that the consignee objects, for without that
it will be presumed that the action was commenced and is prosecuted
with the knowledge and consent of the consignee and for his benefit."
Hooper v. Railway, supra.    The rule commends itself to us as being
logically deducible from correct principles, and as being both just and
convenient in practice.    Hutch. on Carr., sec. 736.    No good reason
can be urged against its application in a case like the present.

The charge complained of in appellant's ninth assignment of error is
very general, but it is not incorrect.    If a charge more applicable to
the particular facts of the case was desired by the defendant it should
have been requested in writing.

We think, however, the court erred in permitting the plaintiff to tes-
tify, that there was damage to other horses than to those specified in
his statement of his cause of action, and as to the amount of such dam-
ages.    From the record before us we fail to see that such testimony
was pertinent.    It was calculated to mislead the jury to the prejudice
of the defendant and to induce them to give damages not sued for, and
should have been excluded.

The other questions presented are not likely to arise upon another
trial, and need not be considered.

For the errors pointed out the judgment is reversed and the cause
remanded.

*Reversed and remanded.*

Delivered April 15, 1892.