The Galveston, Harrisburg & San Antonio Railway Company
v. Charles F. Briggs.

No. 20.

1. **Improved Appliances After Injury.**—In a suit for personal injuries caused by want of handhold on car. and defective drawhead on a freight car, evidence that after the accident defendant put handhold on cars, and replaced the old style drawheads with new ones of a different kind, is inadmissible.

2. **Opinion Testimony.**—A witness, qualifying as an expert, stating that certain indentations on a drawhead had been made by a round instrument, should have been allowed to state what in his opinion produced them.

3. **Deposition.**—Plaintiff gave notice to take the depositions of a witness who resided in Texas. The interrogatories were crossed by defendant. Afterwards plaintiff, without the knowledge of defendant's attorneys. had a commission issued to the District of Columbia, and took the answers of the witness, and the day after they were returned into court plaintiff's attorney took the depositions out of court and kept them until the trial. Defendant's attorneys did not know of the taking and return of the depositions until after the trial began, and when offered made a motion to suppress the depositions, not having had an opportunity to do so before. *Held*, that defendant showed no such diligence as to demand a relaxation of the statutory rule.

4. **Impeaching Evidence.** — The accident report of the witness whose depositions had been read, and had not been discovered until after his depositions were taken. could not be used to impeach the witness, no predicate having been laid to offer such impeaching evidence.

5. **Charge—Negligence.**—Negligence is as much a fact to be found by the jury as the facts out of which it proceeds, and it is error to charge the jury that certain facts, if found from the evidence. would constitute negligence on the part of defendant, unless by statute that effect is attached to these facts.

Appeal from Bexar. · Tried below before Hon. W. W. King.

*Upson & Bergstrom*, for appellant.— 1. Evidence of repairing or improvements made by defendant after the accident are not admissible. Railway v. Hennessey, 75 Texas, 158; Railway v. McGowan, 73 Texas, 355.

2. The charge of the court was on weight of the evidence. To entitle an employe to recover, he must establish, first, that the machinery or appliance was defective; second, that the master had notice or ought to have known of such fact; third, that the employe did not know and had no equal means with the master of knowing such fact. Railway v. Rice, 11 S. W. Rep., 699; Black on Proof and Pl., sec. 21; Toledo v. Black, 88 Ill., 112; Hulett v. Railway, 67 Mo., 239; Railway v. Hall, 15 S. W. Rep., 108; Railway v. O'Feil, 15 S. W. Rep., 33.

3. The question as to whether a certain state of facts, not made negligence by statute, constitutes negligence or not is for the jury, and the court can not assume as a matter of law that they constitute negligence. Railway v. Murphy, 46 Texas, 356; Railway v. Hill, 71 Texas, 459; Camp-

bell v. Trimble, 75 Texas, 270; Railway v. Miller, 51 Texas, 270; Railway v. Gasscamp, 69 Texas, 547; Railway v. Greenlee, 70 Texas, 553; Railway v. Oram, 49 Texas, 345; Railway v. Lyde, 57 Texas, 509; Railway v. Bell, 75 Texas, 50.

*McLeary & Fleming*, for appellee.— 1. The refusal to suppress depositions of Howard was not error. Garner v. Cutler, 28 Texas, 175; Irvin v. Bevil, 80 Texas, 332; Weeks on Dep., sec. 325; Railway v. Lamothe, 76 Texas, 224.

2. Improvements of cars, etc., after accident: Shaber v. Railway, 2 Am. and Eng. Ry. Cases, 190; Smith v. Railway, 75 Am. Dec., 309; O'Lerny v. Mankato, 21 Minn., 65; Phelps v. Mankato, 21 Minn., 276.

3. The whole charge of the court, taken together, correctly states the law of this case. Railway v. Garrett, 73 Texas, 266; Railway v. Callbreath, 66 Texas, 527; Railway v. McNamara, 59 Texas, 255; Railway v. Dunham, 49 Texas, 181; Railway v. Carlton, 60 Texas, 397; Railway v. Kirk, 62 Texas, 229; Railway v. Marcelles, 59 Texas, 334; Railway v. Lehmberg, 75 Texas, 62; Railway v. Maddox, 21 Am. and Eng. Ry. Cases, 626; Gottlieb v. Railway, 24 Am. and Eng. Ry. Cases, 421.

JAMES, CHIEF JUSTICE.—This suit was brought by Charles F. Briggs, a brakeman, to recover damages of appellant for injury received while coupling cars on defendant's line at the town of Schulenburg. The prayer for damages, as it stood when the trial began, was for $41,000; and the nature of the occurrence was, that while plaintiff was engaged in coupling a Galveston, Harrisburg & San Antonio Railway car with a Morgan car, the former being the moving and the latter the stationary car, the drawhead of the latter rode the drawhead of the former when they came together, and as plaintiff undertook to escape, his right leg was cut off near the knee, it being run over by the wheel of the moving car, caused in his effort to escape by his foot being caught by the brake beam of the moving car, it being too low, and there being no handholds on the car by which he could have caught to save himself from falling. The verdict was for $30,000.

The first and second assignments of error are not well taken. The testimony of witness Cartwright were the statements of an eye-witness, and they were more a recital of what came under his personal observation than of conclusions. The answer of the witness Schaefer was likewise as to a fact rather than an opinion.

It is not necessary to notice the fifth and seventh assignments of error, inasmuch as the case will have to be reversed on other grounds, and it is apparent that the questions presented by these assignments will not arise on another trial.

Appellant's fourth assignment of error is as follows: "The court erred

in permitting plaintiff to prove on the trial, by the witness Cade, that the defendant, since the accident complained of by plaintiff, in building new cars and in repairing old ones, puts handholds on the ends thereof, and in repairing its Morgan cars defendant takes out the old style drawhead and puts in a new one of a different kind, over the objection of defendant, that the same was irrelevant and improper evidence to be used against the defendant, to show negligence or otherwise."

The question and answer referred to by this assignment are as follows: " Does the defendant, in building new cars and in repairing them, now have handholds put on the end of them; and does not defendant now, when it repairs one of its ' Morgan' cars, take out the old style drawhead and put in a new one of a different kind ?" The answer was, " It did, in order to get the cars of a uniform standard."

The object of this evidence was thereby to show negligence or want of proper care on the part of defendant in furnishing safe cars and appliances to its employes at the time of this injury. This was not a legitimate method of proving such fact. Railways are expected to adopt all new and useful devices and improvements relating to their equipment, especially such as promote the safety of operatives and passengers, and it would be inconsistent with this evident obligation to the public and its servants to allow such acts to be used as a confession of previous negligence. The cases cited by appellant sustain its contention, and this error alone necessitates a reversal of the judgment. Railway v. McGowan, 73 Texas, 355; Railway v. Hennessey, 75 Texas, 158.

The eighth assignment discloses no error. A question propounded to plaintiff, " Was that the usual position that brakemen occupy in coupling a stationary and a moving car ? " was not objected to as being leading, and its subject was a matter of pertinent inquiry, affecting the issue of contributory negligence.

The ninth assignment presents nothing substantial. We believe in respect to the tenth assignment, that the witness Cade having sufficiently qualified himself, should have been allowed to state what the indentations on the deadwood of the car appeared to have been made by. He had stated they had the appearance of having been made by a round instrument, and it would not have been improper to allow him to go further and state his opinion as to what was the object that produced them.

The third assignment of error presents the question of whether or not a certain deposition, that of plaintiff's witness Claude Howard, should have been excluded, for reasons that go to the manner and form of taking the same, notwithstanding the objection was first made during the trial. The condition of the deposition was such as would have suppressed it if the objection had been raised before the trial. The reasons assigned why the court should have excluded it on the trial are, in substance, these: The notice attending the interrogatories, as served on defendant's coun-

sel, showed that the witness resided in Bexar County, Texas. They were crossed by defendant, and afterwards plaintiff's counsel filed with the clerk an application for a commission to issue to the District of Columbia, stating that the witness had removed to said District, and obtained a commission accordingly; that defendant had no knowledge of such application until after the trial had begun; that when the deposition came, on October 28, 1890, plaintiff's counsel on the following day took the same from the clerk's office and retained it until after the trial had begun; that defendant and his counsel knew nothing of it having been taken and returned until after it was produced on the trial as aforesaid, and hence had not had an opportunity of making the objections before the trial. These grounds were fully verified by affidavit of counsel for defendant, presented with the motion to strike out the deposition.

While we do not doubt the propriety of hearing a motion of this nature after the trial had begun, when good ground is shown why the objection was not made at the time enjoined by the statute, we do not consider these grounds as sufficient. If it had been made to appear that plaintiff's counsel had, by some word or act, led opposing counsel to believe the deposition had not been returned, the case would have been different. Nothing of this kind was shown. On the contrary, the defendant's counsel, having filed cross-interrogatories to this witness, knew that steps were in progress for taking his deposition, and naturally should have made some inquiry before the trial concerning it. Inquiry of the clerk must have informed them of its existence and where it was. We therefore do not believe the terms of their application placed them in an attitude to demand a relaxation of the statutory rule.

After the deposition had been admitted and read, defendant's counsel offered the written report of the accident that had been made by said witness Claude Howard, to contradict his answers contained in the deposition. No predicate had been laid for this impeaching testimony, and the reason urged in favor of its admissibility was, that the report was not discovered until after the trial had commenced and the witness' deposition offered in evidence, and for that reason defendant had not propounded questions to the witness on the subject. The report was clearly inadmissible under the circumstances as shown.

The remainder of the assignments of error go to the charges of the court.

By the first, eighth, tenth, and twelfth clauses of the charge, the jury are informed that certain facts, if found from the evidence, would constitute negligence on the part of defendant. Negligence is as much a fact to be found by the jury as the facts out of which it proceeds; and it is improper in any case to give in charge to the jury that certain facts constitute negligence, unless by statute that effect is attached to these facts. It is true, that such an error in a charge would not occasion a reversal if no other conclusion than the verdict found could reasonably follow from

such facts under any and all circumstances, for it would then be harmless. But this can not be in a case like this, when the testimony is conflicting ·on many material points. In Railway v. Gasscamp, 69 Texas, 547, the rule is stated, that whether an act be negligent or not depends upon the circumstances attending it, and the question is for the determination of the jury. In Railway v. Hill, 71 Texas, 459, this language is used: "We have been ·cited to no case where it has been held competent for the court to charge upon any particular combination of facts as constituting negligence, save when so declared by law." See, also, Railway v. Lee, 70 Texas, 501; Calhoun v. Railway, 84 Texas, 229; Railway v. Murphy, 46 Texas, 367.

In the case of Stooksbury v. Swan, 85 Texas, 563, the question of what is and what is not a proper charge is elaborately discussed. The court ·says: "In cases in which the evidence justifies it, a court may instruct, that from facts in evidence, if believed by the jury to be true, they may or may not presume the existence of another fact, if in their judgments this be authorized from a careful consideration of the evidence before them. This would not be objectionable, and sometimes may be proper; but in all ·cases the existence or nonexistence of the facts the evidence tends to prove, if there be a conflict, as well as the existence or nonexistence of the fact to be inferred from other facts, must be left to the determination of the jury."

This would seem to permit a court to state, that from certain facts in ·evidence, if the jury find them to exist, they may infer the other fact of negligence, taking into consideration not only the facts stated, but all the other facts and circumstances affecting the case. This will readily be ·seen to be altogether different from grouping certain facts, and instructing the jury from such facts, if they are found to exist, negligence follows. And we do not believe such error is remedied by the court in another portion of its charge (charge number 9), where it is stated, that "it devolves on plaintiff to prove, and you must be satisfied from all the evidence before you, that one or both of defendant's cars were defective as herein before stated and complained of by plaintiff, and were therefore not reasonably safe to couple together, and that such defect or defects ·caused plaintiff's injury, without any negligence on his part which contributed thereto; and it devolves upon plaintiff to further show, and you must be satisfied from all the testimony before you, that to have in use such defective car or cars, if any, at the time and place and under such cir- ·cumstances complained of by plaintiff, was negligence on the part of defendant; that is to say, you must be satisfied from the evidence that the defendant failed to exercise ordinary care in providing said car or cars for use on its road, otherwise the plaintiff can not recover, and your ver- ·dict will be for defendant. By taking care, is meant such care as a person of ordinary care and prudence would exercise under similar circumstances." We doubt whether, after instructing the jury in three or

four separate charges that certain facts would constitute negligence, the court would be able to undo the effect of this by declaring that the question of negligence, under all the facts and circumstances of the case, was nevertheless for the jury to determine.

The duties of railway companies in respect to furnishing their employes with safe machinery in connection with their employment, and with respect to the inspection of its own and other cars upon its lines, were in our opinion correctly stated in charges 1, 2, and 3. Nor do we believe that any of the remaining charges are erroneous, except the fourth charge, which reads as follows: "When the drawhead of two cars belonging to another company, or to the same company, is lower on the one car and is higher on the other car, so that when they come together one rides or overlaps the other, the master is responsible for an accident caused by a failure to discover and remedy such defect."

It appears that there was a conflict in the evidence as to whether the drawheads were capable of passing each other, and there was evidence tending to show that the moving car being heavily laden, was depressed thereby, and this rendered the drawheads more liable to pass each other. If the cars when not loaded were such that the drawheads rode each other, this would be a patent defect; but if the riding or overlapping of the drawheads was due to the loading of one of the cars, this might be considered only a latent defect; and this charge should, in view of the evidence, if given at all, have been qualified in order not to be misleading.

The question touching the amount of the verdict need not be discussed in view of the disposition we make of the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*