HOUSTON, E. & W. T. RY. CO. v. LACY et al.

(Court of Civil Appeals of Texas. Texarkana. Jan. 22, 1913. On Motion for Rehearing, Feb. 6, 1913.)

1. DEPOSITIONS (§ 110*)—OBJECTIONS—SUPPORTING BY EVIDENCE.

An objection to a deposition, on the ground that it was taken without notice to the adverse party, must be supported by competent evidence, unless the court judicially knows the facts, since the statement of counsel of extraneous facts, as the basis of an objection, is not evidence.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 323–328½; Dec. Dig. § 110.*]

2. APPEAL AND ERROR (§ 548*)—RECORD—PRESENTATION OF GROUNDS OF REVIEW.

The trial court's action in overruling an objection to a deposition on the ground that it was taken without notice to the adverse party cannot be reviewed, where it is not shown by a bill of exceptions or by the statement of facts that the facts on which the objection was based were properly presented to the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

3. DEPOSITIONS (§ 83*)—OBJECTIONS—FORM—STATUTORY PROVISIONS.

An objection to a deposition, on the ground that it was not taken on notice to the adverse party, is an objection to the form and manner of taking the deposition, which under the express provisions of Rev. St. 1895, art. 2289, must be presented by a motion to suppress before the commencement of the trial.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 219–226; Dec. Dig. § 83.*]

4. APPEAL AND ERROR (§ 926*)—OBJECTIONS—FORM—STATUTORY PROVISIONS.

In the absence of a showing to the contrary, it will be presumed that a deposition was filed before the case was called for trial, and hence that, under Rev. St. 1895, art. 2289, an objection to the form and manner of taking it was properly overruled, because not presented by a motion to suppress.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1279, 2899, 3729, 3730; Dec. Dig. § 926.*]

5. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for the death of a passenger struck by a train while on the station platform, an instruction that if he walked towards the

---

track with his head down, did not observe the approaching train, but walked too near the track, and was struck by the train, plaintiff could not recover was properly refused, since it was on the weight of the evidence, making deceased guilty of contributory negligence, as a matter of.law, under the circumstances specified.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

6. TRIAL (§ 261*)—INSTRUCTIONS—AFFIRMATIVE PRESENTATION OF DEFENSE.

The rule that a defendant has a right to have its defense of contributory negligence affirmatively presented to the jury is dependent upon the preparation and presentation by it of a correct special charge on that subject.'

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 673, 675; Dec. Dig. § 261.*]

Appeal from District Court, Shelby County; W. C. Buford, Judge.

Action by Mrs. C. A. K. Lacy and others against the Houston, East & West Texas Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Carter & Walker, of Center, John T. Garrison, and Baker, Botts, Parker & Garwood, all of Houston, for appellant. Davis, Davis & Davis, of Center, for appellees.

HODGES, J. On the morning of November 28, 1910, at about 3 o'clock, E. W. Lacy was struck and killed by appellant's passenger train at the depot in the town of Timpson, Tex. This suit was filed by his widow and children, who recovered in the court below a judgment for $2,500 as damages.

The evidence shows that Lacy had gone to the depot, upon this occasion, for the purpose of taking the early morning train, and had purchased a ticket. The night was dark, and the weather was cold. For some reason the waiting room was not lighted or heated, and the passengers, including the deceased, were invited, or permitted, to sit in the agent's office until the train arrived. When the train approached, Lacy, with the other passengers, went out on the platform for the purpose of taking passage. In going to the place where the train usually stopped for passengers to get off and on at this station, it was necessary to pass over a platform and through a space between the train and the wall of the depot building. This space was about 15 feet wide. On this particular occasion, some mail sacks had been left by the appellant's agent, on this platform, between the door of the agent's room and the place where the passengers were to board the train. Lacy was seen to go out of the door, with his grip in his hand, and start down this passage for the purpose of boarding the train. He was struck by some part of the cars when he reached the point where the mail sacks were lying. Whether he fell over these sacks and against the car, or was struck by the car and knocked where he was

found, is not shown by the testimony. One witness testified to seeing him fall; but, as it was very dark, did not at the time know it was a man. When found, Lacy was dead, and his body was lying near the mail sacks.

The first three assignments of error attack the ruling of the court in admitting in evidence the deposition of Mrs. Lacy, one of the plaintiffs. The particular objection urged went to the manner and form of taking the deposition, and should have been presented in the manner provided by statute. Rev. St. 1895, art. 2289. It does not appear that this was done, or that any objection was made within the time required by statute. There are no bills of exception in the transcript. Appellant relies, in presenting these assignments, exclusively on the exceptions shown in the statement of facts. Nothing is there disclosed that would indicate any error on the part of the court in overruling the objections made. The objections were based upon a state of facts, concerning which the court would have been compelled to hear evidence; and there is nothing to show that any such evidence was adduced or tendered. There is no merit in the objection that the pleadings and evidence did not support the verdict. The negligence charged was in leaving the mail sacks on the platform and in failing to have the depot lighted. The evidence amply sustains the verdict. The remaining assignments of error are without merit, and are overruled.

The judgment of the district court is affirmed.

On Motion for Rehearing.

[1, 2] In response to appellant's motion for a rehearing filed in this case, we have again given all the assignments of error presented in the appeal a careful consideration. As before stated, the objection to the introduction of the deposition of Mrs. Lacy is not presented by an ordinary bill of exception, but is incorporated in the statement of facts. The objections are substantially stated in the following assignment of error: "The court erred in overruling defendant's motion to suppress the depositions of C. A. K. Lacy, for the reason that said depositions, as taken and filed in said cause and introduced in evidence in behalf of plaintiff, had not been crossed by the defendant company, and.the defendant company had not waived time and notice of said interrogatories; that said interrogatories were taken by the plaintiff, without notice of the filing or taking of same on the part of the defendant, in that said original direct and cross interrogatories were taken at a former term of the court, and upon motion of defendant said answers to direct and cross interrogatories were suppressed by the court, and, after said direct and cross interrogatories were suppressed, plaintiff's counsel procured a commission,

and had said original direct and cross interrogatories retaken, without the knowledge or consent of this defendant, and over its protest, and no notice of the retaking of said interrogatories ·was served upon the defendant, and the defendant did not waive time or notice or agree that said direct and cross interrogatories be retaken." We understand, from the foregoing, that these objections are predicated upon the assumption that the deposition of Mrs. Lacy was taken without notice to appellant or its counsel. When the deposition was offered, counsel for appellant interposed his objection and stated the facts embraced in the assignment of error, and more fully shown in the statement of facts, as the basis of his objection. It may be conceded that the objection should have been sustained, if the facts stated by counsel were true and were properly made known to the court, or if they existed in a form that authorized the court to take judicial notice of them. But the record presented in this court does not inform us whether or not those facts were true. The statement by counsel of extraneous facts as the basis of an objection to the introduction and use of a deposition is, legally speaking, quite different from evidence, properly presented, tending to prove the truth of the facts upon which he relies. In order to sustain an objection of that character, the trial court must either judicially know that the facts are true, or must be legally informed upon that subject by competent evidence. In this instance the court overruled the objection; and in the absence of a bill of exception separately reserved or incorporated in the statement of facts, showing that the facts stated by counsel as the basis of his objection were properly presented to the court, we must assume that the court correctly decided the question. We cannot review his judgment in determining an issue of fact, unless we are advised, in some legal method, of what the facts really were. For instance, it is stated in the objection made that the deposition of Mrs. Lacy, taken in response to these interrogatories, had been quashed at the preceding term; and it is argued that the court should have taken judicial notice of that fact. This may be true as a proposition of law; but how is this court to know, without a record showing those facts, that any such facts existed, of which the trial court could take judicial notice? The same reasoning is applicable to all the other facts stated as the basis of the objection.

[3, 4] We adhere to our original conclusion, however, that the objection urged is one that went to the form and manner of taking the deposition, and should have been presented in a motion to suppress, in accordance with the requirements of the statute. In the absence of a showing to the contrary, it will be presumed that the depositions were filed before the case was called for trial. M. P. Ry. Co. v. Smith, 84 Tex. 350, 19 S. W. 509. If this be true, it would be difficult to deny the applicability of the statute requiring a motion to suppress before going into the trial. The following authorities we think support this view of the law: Ellis v. Lewis, 45 Tex. Civ. App. 248, 100 S. W. 189; G. H. & S. A. Ry. Co. v. Briggs, 4 Tex. Civ. App. 515, 23 S. W. 503; G. H. & S. A. Ry. Co. v. Morris, 94 Tex. 509, 61 S. W. 709; M. P. Ry. Co. v. Smith, supra.

[5, 6] It is also urged that the trial court erred in refusing to give the following special charge requested by the appellant: "Gentlemen of the jury, in this case you are instructed that, if you believe from the evidence that the deceased, E. W. Lacy, after he left the office of the defendant company, left same walking towards the track with his head down, and did not observe the approaching train, but walked too near the track, and was struck by the engine or cars, and by reason of being too close to the track came in contact with said engine or cars, then you are instructed that the plaintiff cannot recover, although you may believe from the evidence that the defendant company was negligent in not having its depot lighted, or waiting room lighted and warm, or permitting the sacks and cart to remain between the track and the depot, as charged in plaintiffs' petition." In support of this assignment, appellant invokes the rule, which accords to the defendant, in suits of this character, the right to have his defenses affirmatively presented to the jury. The authorities which establish that rule make the right, however, dependent upon the preparation and presentation by the defendant of a correct special charge upon that subject. G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 167, 30 S. W. 902, 28 L. R. A. 538. The special charge requested in this instance appears to us to be upon the weight of the evidence, and for that reason we think it was properly refused. It makes Lacy guilty of contributory negligence, as a matter of law, if he walked towards the track with his head down, failed to observe the approaching train, and was injured by walking too near the track. The evidence clearly shows that Lacy did know of the approach of the train, for he left the waiting room with the manifest purpose of taking passage upon it. Some of the witnesses testified that he customarily walked with his head slightly down. That he got too near the cars and was struck is the only inference to be drawn from the fact that the injury occurred in the manner it did. There was no · error in refusing this charge. We see no special reason for discussing in detail the remaining assignments of error.

The motion for a rehearing is overruled.