QUANAH, A. & P. RY. CO. et al. v. GALLOWAY.

(Court of Civil Appeals of Texas. Amarillo. March 14, 1914. Rehearing Denied April 11, 1914.)

1. LIMITATION OF ACTIONS (§ 127*) — COMMENCEMENT OF ACTIONS — AMENDMENT OF PLEADINGS.

Where, in an action brought by one partner or joint owner, the petition was amended so as to make the other partner a party plaintiff, limitations did not run against the cause of action up to the date of such amendment, since the injection of the other partner as a party plaintiff was not the assertion of a new cause of action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

2. APPEAL AND ERROR (§ 501*)—RECORD—PRESENTATION OF GROUNDS OF REVIEW — INSTRUCTIONS—OBJECTIONS.

Under Acts 33d Leg. c. 59, § 3, amending Rev. St. 1911, arts. 1970, 1971, 1973, 1974, relating to the time and manner of submitting instructions to the jury, and article 2061, declaring that the ruling of the court in the giving, refusing, or qualifying of instructions shall be regarded as approved, unless excepted to in the manner provided, the ruling of the trial court in refusing a request will not be reviewed on appeal, where the record does not show any exception thereto at the trial; a general

exception to the overruling of a motion for a new trial being insufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

3. APPEAL AND ERROR (§§ 262, 549*) — PRESENTATION AND RESERVATION IN LOWER COURT OF GROUNDS OF REVIEW — SUBMISSION OF SPECIAL ISSUES.

The action of the trial court in refusing to submit a case upon special issues will not be reviewed on appeal, unless such ruling is excepted to and a bill of exceptions taken, since such a request is neither a charge given nor a request refused, but stands upon a different footing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1582–1589, 1593–1595, 2441–2451; Dec. Dig. §§ 262, 549.*]

4. APPEAL AND ERROR (§ 501*)—MATTERS TO BE SHOWN BY RECORDS—EXCEPTIONS.

Though the record showed an objection purporting to have been made by appellant to the general charge of the court, yet, as the record did not show any ruling on the exception, and appellant's statement did not show any such objection, it could not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

5. APPEAL AND ERROR (§ 501*) — PRESENTATION AND RESERVATION IN LOWER COURT OF GROUNDS OF REVIEW—REQUESTS TO CHARGE.

Where the record on appeal did not show an exception to the refusal of the trial court to give a request, the appellate court must consider such ruling approved under the express provisions of Acts 33d Leg. c. 59, § 3, amending Rev. St. 1911, art. 2061.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

6. TRIAL (§ 284*) — WAIVER OF ERRORS — INSTRUCTIONS TO JURY.

In an action against connecting carriers for injury to cattle, the failure of defendants to except to the refusal to give a request to apportion the damages was a waiver of an objection to the general charge on the same point, since, there being no exception to the refusal to give the special charge, it stood approved, under the express provisions of Acts 33d Leg. c. 59, § 3, amending Rev. St. 1911, art. 2061.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 683–685; Dec. Dig. § 284.*]

7. APPEAL AND ERROR (§ 263*) — PRESENTATION AND RESERVATION IN LOWER COURT OF GROUNDS OF REVIEW—REQUESTS.

Though Rev. St. 1911, art. 1974, as amended by Acts 33d Leg. c. 59, § 3, provides that, when a request is given, the court shall note the same, subscribe his name thereto, and it shall be filed with the clerk and constitute a part of the record of the cause, yet, under the express provisions of article 2061, it must be excepted to, or it will be regarded as approved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

Appeal from Cottle County Court; W. E. Prescott, Judge.

Action by W. W. Galloway against the Quanah, Acme & Pacific Railway Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

See, also, 154 S. W. 653.

Fires, Decker & Clarke, of Quanah, for appellants. Browne & Hawkins, of Paducah, for appellee.

HENDRICKS, J. Extracted from appellant's brief, this suit was brought by the appellee against the railway companies, as connecting carriers, for alleged injury to a shipment of Jersey cattle from Ft. Worth, Tex., to Paducah, Tex., on account of delay and rough handling by appellants, and claiming that some of the cattle died and some were badly injured as the result of the shipment.

The appellants, after general denial, pleaded the contributory negligence of the shipper, inherent defect in the cattle, and a written contract between appellee and the Ft. Worth & Denver City Railway Company, by the terms of which, amongst other things, it was alleged that neither of the defendants should be liable for any damages or injury not occurring on its line respectively. The cause was submitted to a jury, resulting in a verdict in favor of the appellee for $415, which was reduced by remittitur, and judgment entered for $370.

The suit against appellants was instituted by W. W. Galloway, whose original petition was filed August 5, 1910, followed by an amended original petition filed by him June 10, 1912. September 8, 1913, J. B. McCarley filed a plea of intervention in said cause, alleging that he was the owner of an undivided one-half interest in the cattle and the cause of action; also adopting the pleadings of the plaintiff, Galloway, and asserting that as to Galloway's petition, "that each allegation therein is true, and that the same be considered as filed by this intervener." The trial court, in submitting the cause to the jury and entering the judgment of the court, treated Galloway, the original plaintiff, and McCarley, the intervener, as plaintiffs with reference to the recovery of the cause of action.

[1] First. The defendants, appellants herein, by special exception, interposed the statute of limitation of two years; also answering specially that his cause of action was barred by the same statute. We infer that appellant's position is that, as the record discloses "that McCarley owned a half interest (in the cattle) from the inception of the transaction, * * * consequently was entitled to one-half of any recovery, and hence was a necessary party to the suit," and having substituted himself as party plaintiff, as to a part of the cause of action, and two years having elapsed before the amendment, the statute applies. The case of East Line & Red River Railroad Co. v. Culberson, 72 Tex. 375, 10 S. W. 706, 3 L. R. A. 567, 13 Am. St. Rep. 805, cited as authority for the position, sustains an apparent, but not a real, analogy to this case. The

above case indicates that, on an appeal to the Supreme Court, it was reversed, because the mother of the deceased, a beneficiary under the statute, had not been made a party, in some capacity, to the suit. Subsequently the petition was amended so as to bring the suit for the benefit of the mother, as well as for the benefit of the wife and children, of the deceased. An exception was interposed to the amended petition, which was filed more than 12 months after the death of the deceased, upon the ground that the cause of action was barred by the statute of limitations (12 months then being the period of limitation). The Supreme Court held, as to the original plaintiffs, the wife and children, the exception was not well taken, but should, however, have been sustained as to the mother of the deceased; for "the action" originally "was neither brought by her, nor for her benefit," and "the suit in behalf of the beneficiaries did not affect the running of the statute against her." In reading the case of Railway Co. v. Mertink, 101 Tex. 165, 105 S. W. 485, by Justice Brown, we can more clearly discern the reason of the ruling in the Culberson Case, supra, the Supreme Court announcing in the latter case, "The statute gives the right of action to all of the parties to recover one sum" and, "under the statute, there can be but one action," and holding that where five parties were entitled to sue, and two alone brought suit for themselves, and recovered the damages without any notice being taken of the other three, that the error goes to the very foundation of the action, and, until the other three are joined in some manner in the suit, there can be no recovery; the suit not having been originally brought for the benefit of the other three.

Hence the question is, assuming that McCarley was injected into this suit as a new party plaintiff, and not merely for the purpose of protecting his beneficial interest: Is there such an amendment to the original cause of action originally brought by Galloway as to constitute his position in the suit a party plaintiff setting up a new cause of action? Galloway was the consignor and consignee of the property shipped, and the contract of shipment was made with him alone, and the intervention shows that McCarley, if not strictly a partner, was at least a joint owner of the property. As an original proposition, under the authorities of the appellate courts of this state, Galloway, of course, could maintain the suit individually, and the appellants would be liable to him for all damages—different from the Culberson Case. Missouri Pacific Ry. Co. v. Smith, 84 Tex. 348, 19 S. W. 509; Southern Kansas Ry. Co. v. Morris, 100 Tex. 611, 102 S. W. 396, 123 Am. St. Rep. 834; Cleveland v. Heidenheimer, 92 Tex. 108, 46 S. W. 30. "The plaintiff has a right to sue alone, although the horses may have been the part-

nership property of himself and another." Ry. v. Smith, supra. McCarley, without his intervention, would have been the beneficiary of any recovery had by Galloway against the railway company, and was not a necessary party to the suit in order to dispose of the cause of action, different from the Culberson and Mertink Cases, supra, and this difference in the status of the two cases, we think, invokes the application of a different rule. The Supreme Court illustrates this difference in the case of Roberson v. McIlhenny-Hutchins Co., 59 Tex. 615, quoting the syllabi, as properly reflecting the gist of the case: "When, in an action by a partnership, the name of one of the members is omitted from the petition as a party plaintiff, he may be made a party plaintiff by amendment, without the necessity of further service on the defendant; the cause of action remaining the same." "Limitation would not in such case run against the cause of action up to the date of such amendment." Also see McIlhenny v. Lee, 43 Tex. 205; Garrett v. Muller, 37 Tex. 589; Trevino v. Stillman, 48 Tex. 565. "Unless otherwise provided by statute, a copartnership is not considered a person, and must sue and be sued by its members." Frank v. Tatum, 87 Tex. 206, 25 S. W. 409. While, under the Tatum Case, a partner may be a necessary party in bringing a suit, however, under the Supreme Court decisions, an amendment making him one does not make a new cause of action. We think the analogy much closer between the character of cases cited by us, holding that the injection of a partner as a new party plaintiff is not the assertion of a new cause of action, than the line of cases indicated by appellants. In order to permit a bar by the statute of limitations to the cause of action, the amendment must set up a new cause, which we think did not occur in this case.

[2] Second. The appellants complain that the court erred in refusing their special charge No. 4, which is as follows: "If you shall find from the evidence that at the time the cattle were delivered to defendant Ft. Worth & Denver City Railway Company, that one of the cows in said car was down, and that such cow, being down, caused other cattle to fall in the car and become injured, then for such injuries to said cattle plaintiff is not entitled to recover." Appellants' statement for the purpose of sustaining the appropriateness of the charge quoted indicates that their special answer raised the particular issue suggested; that the evidence was also pertinent to the same; and especially that, as to the injury of this particular cow, having died en route, the injury may have been caused by the oil dip to which the cattle had been subjected prior to the shipment, and not to the shipment.

However, we are inclined to think that the condition of the record is such that, under the act of the 33d Legislature with reference

to the trial of causes and the submission of general and special requested instructions to the jury (General Laws of Texas, p. 113), the appellants are unable to complain of the action of the trial court in this respect. We quote portions of the act of the Legislature germane to this question:

"Article 1970. In all civil cases the judge shall, unless the same be expressly waived by the parties to the suit, prepare and in open court, deliver a written charge to the jury on the law of the case, * * * in the manner and subject to the restrictions hereafter provided, provided that the failure of the court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon repeal [appeal] upon proper exception.

"Art. 1971. The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived," etc.

"Art. 1973. Either party may present to the judge, in writing, such instructions as he desires to be given to the jury; and the judge may give such instructions, or a part thereof, or he may refuse to give them, as he may see proper, * * * provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination.

"Art. 1974. When the instructions asked or some of them, are refused, the judge shall note distinctly which of them he has given, and which he refused and shall subscribe his name thereto and such instruction shall be filed with the clerk and shall constitute a part of the record of the cause, subject to a revision for error (without the necessity of taking a bill of exceptions thereto)." The parenthesis is ours.

"Art. 2061. *The ruling of the court in the giving, refusing, or qualifying of instructions to the jury, shall be regarded as approved, unless excepted to as provided for in the foregoing articles.*" (The italics are ours).

The ruling of the court in refusing to submit to the jury the special instruction in question is not shown, in this record, to have been excepted to in any manner by the appellants. It is true that the motion for a new trial assigns error upon the action of the court in refusing the special instruction, and the order of the court in overruling this motion is excepted to as usual in such cases; however, the exception suggested in article 2061 (as provided for in the foregoing arti-

cles) is, of course, made at a different time than the general exception overruling a motion for new trial. There being no exception in this record, as contemplated by the statute, leveled at the action of the court in refusing the special instruction, and the refusal of the trial court, refusing the charge, requiring this court to regard the action of the trial court as having been approved by appellants, we are unable to consider the alleged error; there is none.

[3] Third. The appellants assign error because the court refused their request for the submission of special issues. They assert that the record discloses that a written request for the submission of the cause on special issues was filed and made before the court charged the jury, and refused by the trial court. There appears in the record a statement by the trial court to the effect that, after the close of the evidence, the court prepared his general charge, and submitted the same to counsel for both parties, and that appellants' counsel filed numerous objections to the charge, and prepared and requested several special charges, some of which were given, and some refused. "That, after the defendants' attorneys had taken up something like one hour and one half in objection to the charge and preparing special charges, * * * the attorneys for the defendants orally requested the court to instruct the jury on special issues, without designating any particular issues," and that he refused at this juncture to prepare another charge, and to submit the cause on special issues. The condition of the record is such as to exclude a determination of the particular question involved, as applied to this record as a rule of practice. In the case of Ry. Co. v. Cody, 92 Tex. 633, 51 S. W. 329, the Supreme Court said: "* * * We find, upon inspection, that there appears (in the transcript) a written request by counsel for defendant to submit the case upon special issues, accompanied with a special request to submit certain issues. These are marked 'Refused' by the judge. That is all that the record shows with reference to the matter. We are of opinion that a party who desires to review the action of the court in refusing a submission upon special issues should except to the ruling of the court and take a bill of exceptions thereto. Such a request is neither a charge given nor a requested charge refused, and it stands upon a very different footing. The propriety of a bill of exceptions in such a case is shown by the very record before us." The statement of the trial court, purporting to be explanatory of conditions with reference to the manner of the presentation of the request for special issues, is not adverted to by us as having any force whatever aiding a review of the matter; the statement was prepared after the adjournment of court, and, of course, is unavailable for any purpose. It is

true that in this record there is an order overruling the request of the defendants for the submission of the cause upon special issues, and in the Cody Case, supra, quoted from by us, there seems to have been no order evidencing any action of the court upon the request. While article 1985 of the Revised Civil Statutes is amended by the Thirty-Third Legislature, regular session (Session Acts, p. 113), however, not to such an extent as to suggest any different method of procedure than indicated by Chief Justice Gaines in his opinion in the above case. A bill of exceptions not appearing in this record, and regarding ourselves as bound by the decision mentioned, we overrule the assignment.

[4-6] Fourth. The appellants also assign that: "The court erred in its charge to the jury, in failing to instruct them to apportion the damages between the defendants, and refusing to give defendants' special charge No. 1, instructing the jury to apportion the damages between the defendants." The following is the special charge, quoting that part only applicable to the matter presented, and omitting formal parts: "The plaintiff alleges that he suffered injuries by reason of both the defendants, Quanah, Acme & Pacific Railway Company and Ft. Worth & Denver City Railway Company. Now, if you shall find that plaintiffs' cattle were injured, as alleged and in the manner alleged, through the negligence of the Quanah, Acme & Pacific Ry. Co., then you will determine the amount of damages suffered through such negligence, and assess the same against the Q., A. & P. Ry. Co., and, if you shall find that plaintiffs' cattle were injured in the manner and through the negligence of the defendant Ft. Worth & Denver City Railway Company, then you will determine the amount of such damages as were occasioned by the negligence, if any, of the Ft. Worth & Denver City Railway Company."

The appellants do not show in their statement that any objection was made to the general charge of the court in failing to instruct the jury to apportion the damages; when we go to the record, such an objection is found as purporting to have been made by the Q., A. & P. Ry. Co. There is nothing in the record legally and properly explanatory of any action of the court as to the objections which were presented to the general charge, when they were presented, whether acted upon by the trial court, or whether in reality they were ever presented to the court for consideration. We are presuming that the purpose and intent of the action of the Legislature referred to by us is to afford opportunity to the trial court, by appropriate objections upon the part of counsel, to correct errors in the general charge. In the condition of this record, we are unable to consider the objections to the general charge. As to the special charge, which appellants contend embody the proposition as a request

to the court to submit the matter of apportionment of damages to the jury, it is in the same condition as the charge considered by us in the second paragraph of this opinion; the record not showing an exception to the refusal of the court to give such charge, such refusal, under article 2061, is required to be regarded by us as approved. Again, if we could consider the general objection to the charge of the court in failing to present to the jury an apportionment of damages, and if, as appellants contend in their assignment, the special instruction raises the same question, refusal of the special instruction, standing approved on account of a failure to except to the refusal of the court, the objection to the general charge of the court with reference to the same proposition would be regarded as waived. The appellants in this matter are insisting that the venue statute applies, which requires the jury, upon request of either party, to apportion the damages between the defendants, where damages are recovered in suits against more than one defendant, not partners, in the transportation of any freight by two or more railroad companies. Subdivision 25, art. 1830, Acts of the 33d Legislature (Session Acts) p. 426, which particular subdivision is the same in the venue statute existing prior thereto, amended, however, in other respects. There is no request properly shown relevant to the particular matter.

[7] Fifth. Complaint is made that the trial court erred in submitting to the jury the following special charge, and requested by appellee, and given by the court: "If you find there was not a through bill of lading and through shipment of plaintiffs' cattle from Ft. Worth, Tex., to Paducah, Tex., then and in that event you will apportion the damages, if any you find, to each of the defendants as the evidence may show apportionable to them, if any." It is noted that, under article 1973, quoted by us supra, that special instructions requested by either party, the opposing counsel have a reasonable time for the purpose of examining and objecting to the same before the submission of such instruction to the jury. And, under article 1974, when the instruction is given, the court shall note the same, subscribe his name thereto, and it shall be filed with the clerk, and constitute a part of the record of the cause, subject to a revision for error, however, the giving of same, under article 2061, is regarded as approved the same as the refusal of a special instruction, unless excepted to, which is not shown in this record. Article 1974 of the Revised Statutes of 1911, it is to be noted, reads: "Such instruction shall be filed with the Clerk and shall constitute a part of the record of the cause, subject to a revision for error, without the necessity of taking a bill of exceptions thereto." The acts of the 33d Legislature, in substituting article 1974, omitted the language "without the necessity of taking a bill of exceptions

thereto," shown in the parenthesis added by us, and reading the old article and the new in juxtaposition with the language omitted, may imply that, because heretofore the revision for error could be made without a bill of exceptions, at present it may require such a method of exception. This question is not squarely presented in this record; neither is the question as to the character and kind of exceptions for the preservation of error presented in the record as to the other propositions passed upon in this cause. We feel assured from the analogies of the law that, as to the objections made to the general charge of a court, the action of the court exhibiting the time of the presentation of the objections or any other matters germane to the same should be presented in the record in some form, and an exception reserved thereto, and are confident that as to the giving or refusing of special charges, that counsel, if not diligent, will approve the action of the trial court in many respects. As to the method of the preservation of exceptions, we have not the benefit of either briefs or arguments, and, as the record is totally silent as to any showing of any exception as to such matters, we prefer to decide it when presented. Complicated questions of construction are suggested by this statute, and it would be more timely and appropriate for us to consider the purpose of the same when the questions are directly raised.

We have considered all the assignments of appellants, and upon the record there is no reversible error, and the judgment of the trial court is affirmed.