## DAVIS, Agent, v. WYLIE & JACKSON.
### (No. 487–3883.)

(Commission of Appeals of Texas, Section A. Dec. 12, 1923.)

**1. Carriers ⊙⟐29—Though adjustment between consignor and consignee in difference of weights between shipping point and destination not made, carrier responsible for loss.**

In action by consignor against carrier for damage to cotton, where consignee paid draft for the gin weight under a custom that compress weight on delivery, if different, governed, and that difference would be adjusted, the mere fact that this adjustment had not been made at the time of trial did not relieve carrier from liability.

**2. Carriers ⊙⟐76—Consignor may sue, though not damaged.**

Where consignor shipped cotton, which was damaged through carrier's negligence, consigned to consignor's order notifying E., although E. had purchased the cotton and had paid the drafts attached to the bill of lading, carrier was liable to consignor, since contract was made with him, and, unless E. objected, presumption was that suit was prosecuted with E.'s consent and for his benefit.

**3. Carriers ⊙⟐136—Extent of damages sufficiently shown for submission to jury.**

In an action against a carrier for damages to cotton, evidence showing that cotton was left exposed to rain over 30 days, which caused it to rot, its loss in weight and value *held* to show extent of damage, which question was for the jury.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Wylie & Jackson against James C. Davis, Agent. The Court of Civil Appeals (241 S. W. 1114) affirmed a judgment for plaintiffs, and defendant brings writ of error. Affirmed.

O. B. Wigley, of Galveston, McMahon & Dahoney, of Greenville, and Terry, Cavin & Mills, of Galveston, for plaintiff in error.

H. L. Carpenter, of Greenville, for defendants in error.

BISHOP, J. Defendants in error, Wylie & Jackson, sued plaintiff in error, James C. Davis, Liquidating Agent of Railroads of the United States government, in their petition alleging that they delivered at Merrit, Tex., to Walker D. Hines, Director General of Railroads, and as such operating the Gulf, Colorado & Santa Fé Railway, in good order and sound condition, on October 27, 1919, 100 bales of cotton, on November 3, 1919, 85 bales of cotton, and on November 10, 1919, 55 bales of cotton for transportation over said railway to Dallas, Tex., consigned to their order, notifying H. L. Edwards; that after said cotton was so delivered it was negligently allowed to remain exposed to the rain for

, more than a month, whereby it became wet, rotten, and stained, to their damage in the sum of $1,122.25; that it was necessary for 83 bales of said cotton to be reconditioned, by separating the cotton which was bad or damaged from the other.

The case was tried before a jury, and on special issues the jury found that defendant did not exercise ordinary care for the protection of said cotton, and forwarding it to Dallas, Tex., after issuing the bills of lading therefor, whereby defendants in error were damaged in the sum of $883.44. The Court of Civil Appeals affirmed the judgment of the trial court for this amount, and in his petition for writ of error, plaintiff in error assigns the following:

First. "The evidence in this case wholly fails to show that plaintiffs [defendants in error here] suffered any damage whatsoever."

Second. "If it be held that the plaintiffs' evidence shows plaintiffs to have been damaged, it wholly fails to show, even by inference, the extent of the same."

The evidence shows the cotton was shipped by defendants in error to their order, notifying H. L. Edwards & Co., with draft attached to the bills of lading; that these drafts were paid; that the cotton remained for over 30 days at Merrit, exposed to heavy rains, which caused it to rot; that when it reached Dallas, in order to separate the rotten cotton from the other, it was necessary to recondition or pick the rotten and damaged cotton from the bales; and that in so doing this cotton lost about 2,788 pounds, which was worth about 40 cents per pound. The evidence shows that Edwards & Co. purchased this cotton from defendants in error and paid the drafts under a custom that, if the gin weights at Merrit were different from the compress weights on delivery of cotton at Dallas, the compress weights would govern and the difference be adjusted.

[1-3] The mere fact that this adjustment had not been effected at the time of trial did not relieve plaintiff in error from responsibility for the damage. The contract for shipment of this cotton was made by defendant in error with the Director General of Railroads, and it will be presumed that this suit was instituted with the consent of H. L. Edwards & Co., and for their benefit. We think the extent of the damage was sufficiently shown, and the amount of same was clearly a question for the jury. Missouri Pacific Ry. Co. v. Smith, 84 Tex. 348, 19 S. W. 509; S. K. Ry. Co. v. Morris, 100 Tex. 611; 102 S. W. 396, 123 Am. St. Rep. 834; Richardson v. Cage (Tex. Com. App.) 252 S. W. 747.

In the case of Missouri Pacific Ry. Co. v. Smith, supra, in an opinion of the Supreme Court by Justice Gaines, is found this language:

"The English doctrine seems to be that as a general rule the owner of the goods, whether consignor or consignee, must bring the action for a breach of the contract to carry and deliver the goods in safe condition; but there are American cases which hold that, when the contract is made directly with the consignor, he, as the party to the contract, has the right to sue in his own name for the breach without reference to his property in the goods. Blanchard v. Page, 8 Gray, 281; Hooper v. Railway, 27 Wis. 81; Express Co. v. Croft, 49 Miss. 480. The Supreme Court of Wisconsin say: 'The shipper is the party in interest to the contract, and it does not lie with the carrier, who made the contract with him, to say, upon a breach of it, that he is not entitled to recover the damages, unless it be shown that the consignee objects, for without that it will be presumed that the action was commenced and is prosecuted with the knowledge and consent of the consignee and for his benefit.' Hooper v. Railway, supra. The rule commends itself to us as being logically deducible from correct principles, and as being both just and convenient in practice. Hutch. on Carr. § 736."

We recommend that judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.