## WHITFIELD v. TRADERS & GENERAL INS. CO.

### No. 8857.

Court of Civil Appeals of Texas. Austin.

Jan. 24, 1940.

Cecil H. Barnes, of San Angelo, for plaintiff in error.

Newman & McCollum, of Brady, and Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for defendant in error.

BLAIR, Justice.

This is the second appeal of this workmen's compensation case. Plaintiff, J. B. Whitfield, alleged that he was the employee of Maytag Southwestern Company; that defendant, Traders & General Insurance Company, was the insurer; and that plaintiff received an injury to his eye in the course of his employment with Maytag Company, resulting in the loss of the eye. The first appeal was from an instructed verdict and judgment upon the theory that the evidence showed as a matter of law that plaintiff was not the employee of Maytag Company when he received the injury to his eye; which judgment this court reversed (106 S.W.2d 359), holding that the evidence raised a jury question as to whether plaintiff was the employee of Maytag Company when he received his injury. On the second trial the jury found that plaintiff was not the employee of Maytag Company, and judgment was accordingly rendered for defendant Insurance Company; hence this appeal.

The defendant Insurance Company introduced the cross-interrogatories and answers of L. L. Whitfield to the deposition taken by plaintiff, but not introduced by him, to the effect that plaintiff was not the employee of the Maytag Company, but of the said L. L. Whitfield, the father of plaintiff, at the time plaintiff received the injury to his eye. This deposition was taken between the time of the first and second trial, and was apparently in conflict with the testimony given by L. L. Whitfield on the first trial, to the effect that plaintiff was the employee of Maytag Company when he was injured.

It was contended that the trial court erred in refusing to permit plaintiff to introduce certain independent testimony as showing bias on the part of his father in his answers to the cross-interrogatories; and in refusing to permit plaintiff to have the court reporter read to the jury the father's testimony on the former trial as showing bias, and, according to counsel's statement, as showing that the father had "turned coat" on his son. The independent testimony was that of plaintiff to the effect that after the first trial of this case and before he took the deposition of his father, plaintiff took the part of his mother in her

divorce suit against his father, testified in her behalf, and as the result had a personal difficulty with his father. He was only permitted to testify that the feeling between himself and father was "very unfriendly" at the time he took the deposition. These contentions cannot be sustained because no proper predicate was laid either for the introduction of the independent testimony as showing bias, or the testimony given on the former trial as impeachment of the testimony.

The cross-interrogatories were answered and returned sometime before the second trial. No attempt was made by plaintiff to take the further deposition of his father in order to lay the predicate to introduce the independent testimony as showing bias or prejudice growing out of the divorce proceedings, or in order to lay the predicate for the introduction of the discrepancies between the father's testimony on the former trial and that given in his answers to the cross-interrogatories. No motion for a continuance was made for time to take this further deposition of the father. Therefore, the father had no opportunity to admit, deny, or explain any contradiction, bias, or prejudice; and defendant was not afforded any opportunity to cross-examine this witness as to such matters.

In civil cases one party cannot show bias of a witness in favor of his adversary by independent testimony unless the witness has himself been questioned as to his bias towards the party. Vance v. Upson, 66 Tex. 476, 1 S.W. 179; 45 Tex. Jur., 95, § 236. It is true that the opposing party may cross-examine a witness in order to show bias or prejudice, but that is not the question here presented. It is also true that the opposing party may cross-examine a witness with reference to his testimony on a previous trial and to thus lay the predicate for impeaching the witness by the testimony given at the former trial; but no such question is here presented. No attempt was made to take the further deposition of the father in order to lay a predicate for the impeachment testimony. This rule with respect to laying a predicate for both independent testimony as showing bias and for impeachment testimony had its origin in the common law and is sustained by the Texas courts. Such predicate is required: (1) to give the witness an opportunity to bring out his version of the statement or testimony and, in any event, to explain bias or prejudice and in-

consistent statements; and (2) because unless introduced to contradict and discredit the witness, testimony as to what the witness said on another occasion would be hearsay. 45 Tex.Jur., 158, § 282, and cases there cited. The Texas authorities sustain the rule and also hold that it applies with reference to independent testimony in connection with depositions. Gulf, C. & S. F. R. Co. v. Young, Tex.Civ.App., 284 S. W. 664; Texas & P. R. Co. v. Brown, 78 Tex. 397, 14 S.W. 1034; Good v. Texas & P. R. Co., Tex.Civ.App., 166 S.W. 670; Tolivar v. Howth, Tex.Civ.App., 100 S.W.2d 1090; Acker v. Thompson, Tex.Civ.App., 128 S.W.2d 852; Galveston H. & S. A. R. Co. v. Briggs, 4 Tex.Civ.App. 515, 23 S.W. 503; Long v. Galveston Electric Co., Tex. Civ.App., 59 S.W.2d 228, 229; St. Louis Southwestern R. Co. v. Bishop, Tex.Civ. App., 291 S.W. 343; and Seale v. Schultz, Tex.Civ.App., 3 S.W.2d 563.

The judgment of the trial court is affirmed.

Affirmed.