### MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. J. C. REASOR.

#### Decided February 22, 1902.

**1.—Railway Company—Pleading—Express Messenger.**

Where the suit was against a railway company for injury received by plaintiff while serving as express messenger on defendant's trains, plaintiff's petition alleging that he was employed by the railway and the express companies and each of them, jointly and severally, or was employed by the express company and required to handle baggage with the knowledge and procurement of defendant, was good on general demurrer and sufficient to notify defendant that plaintiff would rely upon his service as baggageman of the defendant as a basis for recovery.

**2.—Same—Liability for Injury.**

·- If, during the time plaintiff acted as express messenger, he also served the railway company as baggageman on the trains, with the knowledge, consent, and approval of the railway company, then it owed him the duty to use ordinary care to avoid injuring him.

**3.—Same—Master and Servant—Implied Contract.**

An express contract was not necessary to create the relation of master and servant, but such relation existed if plaintiff, with the knowledge, consent, and approval of the railway company, acted as baggageman and in that capacity performed duties which it owed to the public.

**4.—Same—Evidence—Hospital Fees.**

Evidence that there was deducted from the wages of plaintiff and of all other employes who acted both as messengers and baggagemen, but not of those who acted as express messengers only, 50 cents a month as hospital fees for the railway hospital, was admissible to show the relation of master and servant between plaintiff and the railway company.

**5.—Pleading and Proof—Personal Injury—Medical Expenses.**

Where plaintiff's petition in an action for personal injuries claims only for sums expended for medicines and treatment, he can not recover for expenses of that character incurred but not paid, nor for those paid without proof that they were reasonable and necessary.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*T. S. Miller* and *Head & Dillard,* for appellant.

*Randell & Wood,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—The appellee, J. C. Reasor, was engaged in working as messenger of the American Express Company and

as baggageman of the appellant, the Missouri, Kansas & Texas Railway Company of Texas, the work being done on appellant's trains running between Denison and Sherman. A train on which appellee was at work collided with another train, and he received injuries on account of which he brought suit against appellant and recovered judgment.

It was shown that appellee, by the terms of the contract between appellant and the express company and of his contract with the express company, assumed all risks of accident which he might meet with or sustain in the course of his employment as messenger, and the jury was instructed to find for appellant on that issue. No question concerning the correctness of this charge is presented.

The court charged the jury, in substance, that it was the duty of the defendant to accept and transport on its trains the baggage of passengers, and even though the plaintiff was on the train in question as express messenger, still, if he, during the time he acted as messenger, also served the defendant as baggageman on such trains, and if he did so with the knowledge, consent, and approval of the defendant, then the defendant owed to him the duty to use ordinary care to avoid injuring him. And the jury was instructed to find for the plaintiff if he was so acting as baggageman and was injured as a result of the negligence of the defendant. These charges are objected to on the ground that the plaintiff's pleadings did not raise such issue.

The petition contained the following averment: "That heretofore, to wit, on November 12, 1900, and for a long time prior thereto, plaintiff was an employe of the American Express Company and of the defendant, the Missouri, Kansas & Texas Railway Company of Texas, and of each of them, jointly and severally, or was employed by said express company and was required to handle express and baggage transported on said railway company's (defendant's) passenger trains; that it was his duty in the course of his employment, with the knowledge, consent, and procurement of defendant, to travel on the passenger train of the defendant company between the cities of Sherman and Denison, in said Grayson County, Texas; to carry, control, manage, receive, and discharge freight, baggage, and parcels transported by said American Express Company and by the defendant, the Missouri, Kansas & Texas Railway Company of Texas, as a carrier of passengers between said two cities of Sherman and Denison, and over the line of railway and in the cars of said defendant company, for said American Express Company and said defendant railway company, and both and each of them, jointly and severally, as aforesaid." We think the plea fairly raised the issue submitted in the charge. It is distinctly alleged that the plaintiff was acting as baggageman of the defendant and was not working solely in the capacity of messenger of the express company. The plea was sufficient to notify the defendant that the plaintiff would attempt to prove, and would rely upon, his service as baggageman of the defendant as a basis for a recovery. The plea was good on general demurrer, and we

are not called upon to consider whether the allegations were sufficient had the same been questioned by special exception.

The court instructed the jury that the evidence was not sufficient to warrant the conclusion that there was such express contractual relation between the plaintiff and the defendant as to constitute the relation of master and servant, and appellant contends that, such being the case, a peremptory instruction to find for the defendant should have been given. The contention can not be sustained. An express contract was not necessary to create the relation of master and servant. The relation existed if the plaintiff, with the knowledge, consent, and approval of the defendant, acted as baggageman and in that capacity performed duties which it owed to the public. In such case, he would be as much the servant of the company as if he had been working under an express contract of employment.

The plaintiff was permitted to prove, over the objections of defendant, that the express company deducted from the wages of the plaintiff, and of all other employes who acted both as messengers and baggagemen, the sum of 50 cents per month as hospital fees for the defendant's hospital, the fees not being deducted where the employe acted only as messenger. We are of opinion that the evidence was admissible as a circumstance tending to show the existence, between the defendant and the plaintiff, of the relation of master and servant. While it was not directly shown that the railway company required the fees to be collected of such employes for its hospital, it is inconceivable that this should be done without its knowledge or except in compliance with a demand by it to that effect. If the railway company had these fees collected from express messengers who served it as baggagemen, the fact tended to show upon what terms the services were rendered and threw light upon the relations existing between the parties.

The court instructed the jury, in case they found for the plaintiff, to allow him compensation for "the reasonable expenses, if any, he has incurred for medicines and medical treatment, if any, on account of such injuries." The first objection to this charge is that there was no evidence as to the reasonableness of the expenses incurred for medicines. The plaintiff testified as follows: "I have not kept account of expenditures for medicines since I was hurt and could not make an estimate of it. I have not yet paid any of the bills. My bill for medicine for the first month was fourteen dollars and some cents, and I paid some cash besides. I paid cash for about as much medicine as I bought on a credit that month, and ever since I have paid cash all the time. I have gotten medicine about twice a week and at an expenditure of from one to two dollars each time. I also had to employ Dr. W. B. Markham, my family physician. I don't know what his bill is." This testimony is not sufficient to show that the expenses incurred for medicines were either necessary or reasonable. The plaintiff was not entitled to recover sums which he paid and contracted to pay for medicines without proof that such expenditures were reasonable and necessary. Wheeler v. Rail-

way, 91 Texas, 356; Railway v. Rowell, 92 Texas, 147. There being no evidence as to the necessity and reasonableness of the expenses incurred for medicines, the court should not have authorized a recovery for any part of such expenses.

The charge is further objected to on the ground that the plaintiff, in his petition set up a claim only for the sums expended for medicines and medical treatment and did not seek a recovery for expenses incurred but not paid, while the charge authorized the jury to allow him all the expenses incurred, regardless of whether or not the same had been paid. The objections appear to be well taken. The plaintiff, by his pleadings, limited his claim for expenses on account of medicines and medical treatment, to the sums expended, that is, to the amounts paid out, and could not recover for the liabilities incurred on such account, that is, for debts owing by him for medicines and medical treatment.

The appellee has offered, in case we reached the conclusions above stated, to remit whatever amount we find may have been included in the verdict as a result of the jury having taken these items into consideration. Under the evidence the jury may have allowed the sum of $150 for medical treatment, no part of which bill has been paid. The first month's bill for medicines, as shown by the plaintiff's testimony, was $28. It further appears that after the first month he got medicines twice a week, paying each time therefor from $1 to $2. He was injured on November 12, 1900, and the case was tried on May 29, 1901. Excluding the first month, it was 168 days, or twenty-four weeks, from the date of the accident to the time of the trial. The jury may have allowed him $4 per week for medicines, making a total of $96. This sum, added to the sum expended or incurred during the first month, makes in all the sum of $124 which may have been allowed on that account. It is possible that the jury awarded the plaintiff, to cover expenses for medicines and medical treatment, the sum of $274.

If the appellee remits the said sum of $274 within ten days from this date, the judgment will be affirmed; otherwise, the judgment will be reversed and the cause remanded.

*Affirmed on remittitur.*

Writ of error refused.