ELDRIDGE v. CITIZENS' RY. CO. et al.
(No. 5337.)

(Court of Civil Appeals of Texas. Austin. May 13, 1914. On Motion for Rehearing, June 17, 1914.)

1. MASTER AND SERVANT (§ 88*)—INJURY TO SERVANT—EXISTENCE OF RELATION — WHO ARE.

One whom defendant's vice principal requested to assist in work on defendant's premises is not a mere licensee, and defendant owes him a higher duty than that of not merely intentionally injuring him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–151; Dec. Dig. § 88.*]

2. TRIAL (§ 273*)—INSTRUCTIONS TO JURY—TIME FOR OBJECTIONS.

Under the direct provisions of Acts 33d Leg. c. 59, amending Rev. St. 1911, arts. 1954, 1970, and 1971, objections to instructions are waived when not made before the charge is read to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 680–682; Dec. Dig. § 273.*]

3. APPEAL AND ERROR (§ 232*)—PRESENTATION OF GROUND OF REVIEW IN COURT BELOW—SUFFICIENCY OF OBJECTION.

In a personal injury action, where plaintiff sought to set aside a release, an objection to the charge, on the ground that it did not sufficiently define what fraud would be necessary to justify the jury in disregarding the release, is not, on appeal, sufficient to sustain a proposition under the assignment, complaining of the overruling of the objection, that it was not necessary that active and intentional fraud should have been perpetrated upon plaintiff before he would be entitled to avoid the release; and, the charge not being fundamentally erroneous, the assignment complaining of the overruling of the objection must be denied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. § 232.*]

4. APPEAL AND ERROR (§ 233*) — PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—MANNER.

Objections to the giving of erroneous charges cannot be made by the medium of special requests, though if special requests are erroneously refused, error may be predicated thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 192; Dec. Dig. § 233.*]

5. TRIAL (§ 252*)—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

Where plaintiff, who though not regularly employed by defendant was employed by a subsidiary company controlled by defendant, was injured in performing a service at the request of defendant's foreman, a charge that if plaintiff was not an employé of defendant, verdict should be for defendant was erroneous, tending to mislead the jury into believing that if plaintiff was not a regular employé of defendant, there could be no recovery, notwithstanding the fact that if defendant's foreman was entitled to demand plaintiff's assistance, the relation of master and servant existed, though plaintiff did not expect to receive compensation for such small assistance.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

6. TRIAL (§ 252*)—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

In an action for personal injury to plaintiff while performing a service in the barn in which he was required by his immediate master to deposit his tools, etc., a charge which referred to his loitering about the barn was improper, though the barn belonged to defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

7. MASTER AND SERVANT (§ 88*)—INJURY TO SERVANT—RELATION OF PARTIES — REQUEST OF MASTER'S AGENT—AUTHORITY OF AGENT.

A vice principal of a corporation who was authorized to move the corporation's tower car may request assistance, and his request to third persons renders the corporation liable for any negligence in moving the car.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–151; Dec. Dig. § 88.*]

8. MASTER AND SERVANT (§§ 101, 102*)—INJURIES TO SERVANT—SAFE PLACE OF WORK.

No matter how temporary an employment is, it is the duty of the master to furnish his servant with a safe place to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

9. MASTER AND SERVANT (§ 153*)—INJURIES TO SERVANT—DUTY TO WARN.

When an inexperienced servant is required to perform a duty with machinery to which he is not accustomed, it is the duty of the master to warn him of the dangers.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

On Rehearing.

10. APPEAL AND ERROR (§ 768*) — BRIEFS — FAILURE TO CONTROVERT.

Where statements in appellant's brief are not controverted by appellee's brief, the appellate court is justified, under rule 41 (142 S. W. xiv), in accepting appellant's version as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3103; Dec. Dig. § 768.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by C. H. Eldridge against the Citizens' Railway Company and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Williams & Williams, of Waco, for appellant. Spell & Sanford and W. W. Naman, all of Waco, for appellees.

## Findings of Fact.

JENKINS, J. Appellant was engaged in the erection of poles and electric wires as his regular employment for the Waco Gas Company. Appellee was engaged in the operation of a street railway, and also furnished electric light to the city of Waco, and to different power plants and to the Waco Gas Company. The appellee and the Waco Gas Company were owned largely by the same parties, the general manager of one being the general manager of the other, the pay rolls of each being paid at the same time and place, the office force of one being the office force of the other. Appellant kept his tools in the barn where he was injured, also his wagon and team. The washrooms, dressing rooms, and drinking water of appellee were kept in said barn. P. A. Hall was the foreman and vice principal of appellee, and requested appellant to assist in pushing a tower car, which belonged to appellee, onto a carrier car and to transport the tower car to a track in the car barn. While standing on the carrier car and holding the tower car, appellant's foot was caught between the ends of the rails of the carrier car and the rails on the floor of the car barn, and was mashed. Appellee's surgeon stated to appellant that the injury was not serious, and that he would be able to go to work within a couple of weeks, and thereupon appellant, in consideration of the sum of $36, paid to him by appellee, released appellee from all claim for damages. Instead of his foot getting well within two weeks, within that time the surgeon amputated it. Appellant did not know of the danger to which he was exposed in assisting Hall in the work. Hall knew of such danger, or could have known the same by the exercise of ordinary care. Verdict and judgment went in favor of appellees, from which this appeal is taken.

## Opinion.

[1, 2] Appellant assigns error upon that portion of the charge of the court with reference to the duty owed to a licensee; said charge being that "the defendant owed to the plaintiff, as such licensee the duty of not intentionally injuring him." Said charge was erroneous under the facts of this case. Appellant was requested by appellee to assist in the work in the performance of which he was injured and appellee owed a higher duty than this to appellant. Railway Co. v. Reasor, 28 Tex. Civ. App. 302, 68 S. W. 332; Railway Co. v. Morgan, 92 Tex. 103, 46 S. W. 28; Hamilton v. Railway Co., 64 Tex. 253, 53 Am. Rep. 756. But, notwithstanding that this charge was erroneous, appellant's assignment thereon must be overruled for the reason that no objection was made thereto by appellant before the same was read to the jury, and not thereafter until he filed his motion for a new trial. General Laws 33d Leg. ch. 59, p. 113, provide:

"Article 1954. Before the beginning of the argument, the court shall read to the jury the charges and instructions, if any, under the provisions of this title relating thereto."

"Article 1970. In all civil cases the judge shall, unless the same be expressly waived by the parties to the suit, prepare and in open court, deliver a written charge to the jury on the law of the case, or submit issues of fact to the jury if said case is submitted to the jury on special issue of fact, at the time, in the manner and subject to the restrictions hereafter provided, provided that failure of the court to give reasonable time to the parties or their attorneys for examination of the charge shall be reviewable upon repeal [appeal] upon proper exception.

"Article 1971. The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

The object of this law was to secure, if possible, a correct charge in the trial court. To this end the judge is required to submit his charge to counsel in the case, and counsel are required to present their objections, if any, to the same. Under our former procedure in this state, attorneys in a case sometimes "laid for" the judge, in that if they discovered an error in the charge they said nothing about it, but took their chances on a favorable verdict, notwithstanding the error, relying upon such error, in case they should lose, as grounds for a new trial. The amendment to the statute above set out requires attorneys to do what in fact they ought always to do, and that is to assist the court in trying the case according to law. While it may happen that attorneys do not make objections to the charge for the reason that at the time such objections do not occur to them, which they might discover before filing a motion for a new trial, yet that is their misfortune. We think the amendment

a wise one, and that it ought to be strictly enforced.

[3] We overrule appellant's second assignment of error, for the reason that the objection made by appellant to the charge complained of does not sustain the proposition which he makes under his assignment. The objection filed with the court was that:

"The plaintiff excepts to section 6 of the court's main charge, because the same does not sufficiently and properly define what fraud would be necessary to justify the jury in disregarding the release in evidence."

The propositions submitted under the assignment are that the court should have defined the meaning of the word "fraud," and that it is not necessary that active and intentional fraud should have been perpetrated upon appellant by appellee before he would be entitled to avoid the release. The second proposition is sound, but there was no affirmative error in the charge given by the court, and it was not objected to said charge that it prevented appellant's recovery unless there was active and intentional fraud. The charge was erroneous in this respect (Railway Company v. Brown, 69 S. W. 651; Railway Company v. Reno, 146 S. W. 221; Railway Company v. Huyett, 89 S. W. 1118; Pendarvis v. Gray, 41 Tex. 329); but the error was not pointed out in the objections filed by appellant.

[4] Appellant insists that the error was pointed out by special charge No. 6, requested by him. We do not think that the objections to the charge of the court under the statute can be made through the medium of special charges. If a special charge is erroneously refused, error may be assigned upon the same, as is done in this case.

[5] Appellant assigns error upon special charge No. 9, given at the request of appellee as follows:

. "Gentlemen of the jury, you are charged that if you believe from the evidence that the plaintiff was not an employé of the Citizens' Railway Company at the time of receiving the injury complained of, you will find for the defendants and so say by your verdict."

This charge is erroneous if the word "employé" was understood by the jury in its ordinary sense. Eason v. Railway Co., 65 Tex. 579, 57 Am. Rep. 606; Railway Co. v. Webb, 31 Tex. Civ. App. 498, 72 S. W. 1044. We think the jury, under the facts of this case, were misled by this charge. Appellant was not regularly in the employ of appellee, but was regularly employed by the gas company as a lineman. He had entered the barn where he kept his tools, and was requested by the foreman and vice principal of appellee to assist him in moving the tower car. For this service he was not paid, and was not expecting to be paid. Appellant alleged that he was regularly employed as a lineman by appellee. There was an issue of fact as to whether his permanent employment was by appellee or the gas company; and, under all the circumstances, the

jury doubtless understood the court to instruct them that appellant could not recover if they should find that his regular employment was by the gas company and not by the Citizens' Railway Company. Appellee insists that if Hall was authorized to request appellant to assist him, then the relation of master and servant existed between appellant and appellee, and that appellant was the employé of appellee in performing the particular work. This is true, and for this very reason, the charge given was misleading. We do not think that this error was cured, either by the general charge or any of the special charges that were given.

[6, 7] Appellant assigns error upon special charge No. 10 given at the request of appellees as follows:

"Gentlemen of the jury, you are charged that if you believe from the evidence that the plaintiff, while loitering at defendant's car barn in the city of Waco, on November 30, 1909, was requested by said P. A. Hall to assist in moving the said carrier car and tower car in question; and you further believe from the evidence that at the time the said P. A. Hall was without authority to make such request of the plaintiff for the defendant Citizens' Railway Company, or any of the defendants, and that such want of authority was known to the plaintiff, or could have been known by the use of ordinary care upon his part, you are charged that plaintiff, under such circumstances, would be a volunteer, and that the defendants owed him no duty other than to not willfully injure him; and if you believe from the evidence that said P. A. Hall was without authority to make the request of plaintiff, under the circumstances above mentioned, you are charged to find for the defendant, notwithstanding you may believe from the evidence that the plaintiff received the injuries complained of."

There was no occasion to refer to the plaintiff as "loitering" about the barn. He was there in the line of his duty. There was error in submitting to the jury the issue as to whether Hall had authority to request the plaintiff to assist in moving the tower car. The undisputed evidence shows that Hall was the vice principal of the Citizens' Railway Company, and that it was within the scope of his duty to move the tower car, and therefore he had authority to request plaintiff to assist him in said work.

[8] We also sustain appellant's assignment of error as to special charge No. 13, given at the request of appellee, as follows:

"Gentlemen of the jury, you are further instructed that defendant did not owe plaintiff the duty to provide a safe place in which to work, except when plaintiff was engaged in doing the work required of him in the line of his employment. Therefore, if you find from the evidence that at the time plaintiff was injured, he was not engaged in doing the work required of him in the line of his employment, then the defendant was not obligated, under the law, to provide a safe place for plaintiff to work in while doing the work he was engaged in at the time he was injured."

As above stated, the regular line of appellant's employment was erecting poles and wires; but, it matters not how temporary his employment was, the appellee owed him

the duty, if he was its employé, to furnish him a safe place in which to work.

[9] We also sustain appellant's assignment as to the action of the court in refusing to give special charge No. 6. Said charge clearly presents the law with reference to the duty of the foreman Hall to warn appellant as to the danger of riding upon the carrier car at the time he was injured. Appellant had not theretofore been employed in this business, and the evidence indicates that he was inexperienced as to the machinery, and did not know its danger, and that Hall did know of such danger, or could have known of the same by the exercise of ordinary diligence.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for a new trial in accordance with this opinion.

Reversed and remanded.

### On Motion for Rehearing.

[10] Appellee in its motion for rehearing alleges that we were in error as to some of our findings of fact, and cites testimony from the record tending to support its contention in this regard. This testimony was not referred to in appellee's brief. Our conclusions were based on statements in appellant's brief which were not controverted in the appellee's brief, and therefore we assumed that they were correct, as we were authorized to do under rule 41 (142 S. W. xiv) for the government of the Courts of Civil Appeals. But as we think that in any event this case should be reversed and remanded on account of errors in the court's charge, our findings of fact are immaterial. The case will be tried upon the testimony adduced upon another trial, and not upon the facts established in the former trial.

The motion for rehearing is overruled.