FLOEGGE v. MEYER et al.   (No. 5407.)

(Court of Civil Appeals of Texas.   Austin. Nov. 18, 1914.)

1. APPEAL AND ERROR (§ 499*)—QUESTIONS REVIEWABLE—INSTRUCTIONS—EXCEPTIONS.
  Under Acts 33d Leg. c. 59, requiring the presentation of objections to the instructions before they are read to the jury, and providing for the presentation of requested instructions before the argument is begun, and that the ruling in giving, refusing, or qualifying instructions shall be deemed approved unless excepted to, a bill of exceptions complaining of the refusal of a special charge, which fails to show that the charge was presented at the proper time and submitted to opposing counsel for examination, is defective, and the ruling complained of will not be considered on appeal.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

2. WITNESSES (§ 248*) — EXAMINATION — RESPONSIVENESS.
  An answer to a question asked a party as to what he thought he was signing when he signed an instrument, "I was full," is responsive, and shows that he was not likely to remember that he signed any instrument.
  [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 861–863; Dec. Dig. § 248.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.
  The error, if any, in permitting a witness to prove a fact was not reversible, where sev-

eral other witnesses testified to the same fact without objection.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

Appeal from District Court, Comal County; Frank S. Roberts, Judge.

Action by Charles Floegge against Henry Meyer and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Adolph Seidemann, of New Braunfels, for appellant. Henne & Fuchs, of New Braunfels, for appellees.

RICE, J. On the 21st day of May, 1913, Otto Meyer sold two lots in the city of New Braunfels to appellant for the sum of $1,200, at which time he was paid by appellant $100, for which he executed a receipt. Thereafter, on the 2d day of July, 1913, he executed a deed to Floegge for said lots, which was placed by them in the hands of an abstractor, and before it was delivered to Floegge, Henry, a brother of Otto Meyer, without the consent of appellant, obtained possession thereof and refused to surrender same, and this suit was brought by appellant for the possession of said deed and for title to said lots, tendering the balance of the purchase money. Appellees resisted appellant's right to recover, alleging that Otto Meyer, the owner of said lots, was an habitual drunkard, without the legal capacity to enter into a contract conveying said property to appellant, and further averring that said contract was induced by undue influence and fraud, and that the consideration for same was inadequate, tendering back said $100, for which reasons they prayed a cancellation of such deed. Appellant by supplemental petition, replied that Otto Meyer had ratified said contract and conveyance by subsequent acts and conduct on his part. There was a jury trial, resulting in a verdict and judgment in behalf of appellees, from which appellant has prosecuted this appeal.

While there is some conflict in the evidence, we think that it is sufficient to support the verdict. The charge of the court, together with the several special charges given at the instance of both parties, clearly and fully embraced the law of the case as applied to the pleadings and evidence.

[1] The first assignment complains that the court erred in refusing to give special charge No. 2. Appellees object to our consideration of this assignment, for the reason that the bill of exception is defective in that it fails to show: (1) That said charge was presented to the court at the proper time, that is, before the beginning of the argument; (2) that it fails to show that it was "submitted to opposing counsel for examination and objection within a reasonable time after the charge was given to the parties or their attorneys

for examination." An inspection of the bill fails to disclose when the same was presented to the court; nor is there any recital therein showing that it was ever presented to opposing counsel for their examination.

Acts 33d Legislature, c. 59, amending articles 1954, 1970, 1971, 1973, 1974, c. 12, tit. 37, and article 2061, c. 19, tit. 37, as well as chapter 14, tit. 37, Rev. St. Tex., which have also been incorporated in Vernon's Sayles' Civ. Stats., provide, among other things, that in all civil cases the judge shall give a written charge to the jury, unless expressly waived by the parties to the suit, which charge, before it is given, shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall, in every instance, be presented to the court before the same is read to the jury, and all objections not so presented shall be considered as waived; and all such charges must be read to the jury before the argument is begun. Either party, however, may present to the judge in writing such instructions as he desires to be given to the jury, which the judge shall give or refuse as he may see proper, provided such instructions, however, shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination. The ruling of the court in giving, refusing, or qualifying instructions to the jury shall be regarded as approved, unless excepted to. Insurance Co. v. Rhoderick, 164 S. W. 1068–1069; Gunter v. Merchant et al., 172 S. W. 191, decided by this court on November 11, 1914; Quanah, A. & P. Ry. Co. v. Galloway, 165 S. W. 546; Crow v. Childress et al., 169 S. W. 927.

The object of this law is to prevent errors in the charge by giving the court the benefit of any objection that counsel might make to it before it was read to the jury. It was likewise intended to afford opposing counsel an opportunity to make objections thereto, as well as to accord them the privilege of concurring in such request. In the instant case, if this practice had been followed, counsel for appellees might have consented to the giving of such charge. The bill does not show that such opportunity was afforded him. If this statute is strictly observed, as we think it should be, it will result in great good by preventing, in many instances, reversals for technical reasons. The bill, we think, is fatally defective in failing to show that the special charge was requested before the charge of the court was read to the jury, and is further defective in failing to show that such special charge was submitted to opposing counsel for their consideration, as above indicated, for which reason

this assignment cannot be considered by us.

For the same reason appellees object to the consideration of assignments Nos. 2, 3, 4, 5, and 6, all of which are based on the refusal of the court to give several special charges requested by appellant. Upon examination we find the same defect in the several bills of exception to the refusal of the court to give the special charges requested as pointed out in the first assignment; therefore we cannot consider said assignments.

[2] Counsel for appellees asked defendant, "What did you think you were signing when you signed that receipt?" He answered, "I was full." The answer was objected to on the ground that the same was a self-serving declaration, and not responsive to the question. We do not think there is any merit in this objection, for the reason that if the witness was "full," he might not have remembered, and likely did not remember, that he signed any receipt; and the answer was therefore, in a sense, responsive to the question.

[3] Besides, if this was error, it is not ground for reversal, because several other witnesses were permitted to testify to the same facts without objection.

We overrule the eighth assignment for the reason that the testimony of Futch, which was objected to, relative to the delivery of the deed, was immaterial, because the court charged that the deed executed by the defendant was in law a valid deed, and conveyed legal title to the lots described therein. Furthermore, the chief issue involved in this case is as to the validity of the contract for the sale of the lots, and not the delivery or nondelivery of the deed in question.

We overrule the ninth assignment complaining of the failure of the court to give the peremptory instruction requested by appellant, for the reason that no proper bill of exception was reserved thereto. See authorities set out under first assignment of error.

Finding no reversible error in the proceedings of the trial court, its judgment is, in all things, affirmed.

Affirmed.