SCHRADER et al. v. INTERNATIONAL & G. N. RY. CO. (No. 5416.)

(Court of Civil Appeals of Texas. Austin. Nov. 25, 1914.)

APPEAL AND ERROR (§ 501*)—QUESTIONS REVIEWABLE—INSTRUCTIONS.

Under Acts 33d Leg. c. 59, requiring a party complaining to except to the action of the trial court in giving and refusing instructions or the objections are waived, the court on appeal will not determine the correctness of instructions given, where the record does not show that the party complaining filed any objection in the court below to the instructions given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by Alvina Schrader and others against the International & Great Northern Railway Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

E. W. Bounds and Page Collier, both of Marlin, for appellants. Wilson, Dabney & King, of Houston, and Neff & Taylor, of Waco, for appellee.

KEY, C. J. This is a personal injury suit, in which the plaintiffs sought to recover damages for the alleged wrongful killing of Henry H. Schrader. When the plaintiffs closed their testimony, the trial court instructed a verdict for defendant, which was returned and judgment rendered thereon, and the plaintiffs have appealed, and assign as error the action of the trial court in so charging the jury.

The record does not show that the plaintiffs filed any objection in the court below to the charge given by the court, and for that reason we are not called upon to determine whether or not error was committed in the matter complained of. In 1913 the Legislature amended our procedure statute so as to require a complaining litigant to except to

the action of the trial court in giving and refusing instructions, and declaring that a failure to do so should be held to constitute a waiver of objections and an aproval of the action of the trial court. Floegge v. Meyer et al., 172 S. W. 194, recently decided by this court, and cases there cited.

Judgment affirmed.