DARDEN v. SOUTHERN TRACTION CO. (No. 5425.)

(Court of Civil Appeals of Texas. Austin. Nov. 25, 1914. On Motion for Rehearing, Jan. 6, 1915.)

1. CARRIERS (§ 349*)—INJURIES TO PASSENGERS — NEGLIGENCE — DISCOVERED PERIL — CONTRIBUTORY NEGLIGENCE.

Where, in an action for injuries to a street car passenger while alighting, the jury on special issues found, as justified by the evidence that there was no discovered peril, and that the passenger was guilty of contributory negligence, there could be no recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1408; Dec. Dig. § 349.*]

2. APPEAL AND ERROR (§ 263*)—QUESTIONS REVIEWABLE — INSTRUCTIONS — ASSIGNMENTS OF ERROR.

Error in an instruction not excepted to is waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

3. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—ERRONEOUS INSTRUCTIONS.

Where, in an action for injury to a street car passenger while alighting, the jury found on proper evidence that there was no discovered peril, and that the passenger was guilty of contributory negligence, the error in a charge which referred the jury to a paragraph defining ordinary negligence, instead of referring to another paragraph requiring the highest degree of care, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

4. CARRIERS (§ 347*) — STREET CAR PASSENGERS—CONTRIBUTORY NEGLIGENCE.

The jury may find that a passenger stepping from a moving street car before it has reached the stopping place is guilty of contributory negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346, 1350–1386, 1388–1397, 1402; Dec. Dig. § 347.*]

5. CARRIERS (§ 346*)—STREET CAR PASSENGERS —DISCOVERED PERIL.

Where, at the time a passenger left her seat and started towards the rear door and stepped from a car while in motion, the conductor was busy taking up fares with his back to her and did not see her and his attention was first called to the fact that she had stepped from the car by another passenger, a finding that there was no discovered peril was justified.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1401; Dec. Dig. § 346.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by A. B. Darden against the Southern Traction Company. From a judgment for defendant, plaintiff appeals. Affirmed and motion for rehearing overruled.

Davis & Cocke, of Waco, for appellant. Spell & Sanford, of Waco, for appellee.

JENKINS, J. Appellant brought this suit against appellee to recover damages for personal injuries sustained by his wife while attempting to alight from one of appellee's street cars in the city of Waco. The negligence alleged consisted in appellee's failure to stop its car a sufficient length of time for her to disembark therefrom, and that by reason of a sudden jerk in starting she was thrown violently to the ground and injured, and in failing to prevent her injury after discovering her peril. Appellee answered, demurring generally and specially, and denied seriatim all the allegations of appellant's petition, and specially pleaded contributory negligence. The case was submitted to the jury on special issues, the answers to which were received by the court and judgment rendered thereon in favor of appellee, to which appellant excepted, and from which this appeal is prosecuted.

[1] The jury found that there was no discovered peril, and likewise found that appellant's wife was guilty of contributory negligence. This being true, the judgment, we think, was correct, as the evidence warrants such findings; and it is not necessary, in our opinion, to discuss seriatim the other assignments questioning the sufficiency of the evidence to support the verdict.

[2] The fourth assignment complains that the court in charging the jury by mistake referred them to a paragraph of the charge defining ordinary negligence, whereas the reference should have been to another paragraph which required the highest degree of care on the part of appellee. This charge was not excepted to, for which reason alone we think the error complained of was waived. See Eldridge v. Ry. Co., 169 S. W. 375; Insurance Co. v. Rhoderick, 164 S. W. 1069; Quanah A. & P. Ry. Co. v. Galloway, 165 S. W. 546; Crow v. Childress et al., 169 S. W. 927; Gunter v. Merchant et al., 172 S. W. 191; and Floegge v. Meyer et al., 172 S. W. 194, recently decided by this court.

[3] Besides this, since the jury found that there was no discovered peril, and that appellant's wife was guilty of contributory negligence, the error, if any, was immaterial and harmless.

[4] We think the facts amply sustain the finding of the jury that Mrs. Darden was guilty of contributory negligence in stepping from the car while the same was in motion, and before it had reached the station at which she expected to alight.

[5] The evidence further shows that at the time she left her seat and started towards the rear door, as well as when she stepped from the car, the conductor was busy taking up fares, with his back to her, and did not in fact see her; that his attention was first called to the fact that she had stepped from the car by a passenger thereon; and, even if he had seen her going towards the door, no reason is shown why he should have anticipated that she would step from the car while the same was in motion.

Under the circumstances disclosed by this record, the judgment, we think, is in every respect warranted by the evidence; and, finding no error in the proceedings of the trial court, the same is in all things affirmed.

Affirmed.

## On Motion for Rehearing.

It is apparent that the trial court inadvertently referred the jury to the wrong number of a paragraph of the charge or definitions, by reason of which the jury were told that negligence on the part of the conductor would consist of the failure to exercise ordinary care, instead of a failure to exercise that high degree of care that a railroad owes to its passengers; and appellant argues that but for this error the jury might have found that the conductor was guilty of negligence. He also contends that article 2061, R. S., does not apply where a case is submitted on special issues. For the present we express no opinion on this point, but if this be conceded, and it be further conceded that the jury not only might, but would, have found that the conductor was guilty of negligence, the error of the court cannot work a reversal herein, for the reason that, the jury having found that the appellant's wife was guilty of negligence which proximately contributed to her injury, and that her peril was not discovered by the conductor, and the evidence being sufficient to support these findings, no other judgment could properly have been rendered except that which was rendered, viz., for the defendant.

Motion overruled.