INTERNATIONAL & G. N. RY. CO. v. BARTEK. (No. 5457.)

(Court of Civil Appeals of Texas. Austin.
March 17, 1915. Rehearing Denied
May 5, 1915.)

1. APPEAL AND ERROR ⬤➡263—RESERVATION OF GROUNDS—INSTRUCTIONS.

In the absence of an exception to the charge of the court when given, as required by Acts 33d Leg. c. 59, objections thereto will be considered on appeal as having been waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ⬤➡263.]

2. DAMAGES ⬤➡113—INJURY TO PERSONALTY —MEASURE OF DAMAGES.

Where household goods, bedding, wearing apparel, farm implements, and tools have been in use for some time, an award of damages for their destruction through the carrier's negligence based upon their original cost is erroneous.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91, 279, 280; Dec. Dig. ⬤➡113.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Jim Bartek against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Conditionally affirmed.

Wilson, Dabney & King, of Houston, and Neff & Taylor, of Waco, for appellant. R. H. Kingsbury and E. J. Clark, both of Waco, for appellee.

RICE, J. On the 1st of December, 1913, appellee shipped over appellant's road a car containing live stock, as well as his household and kitchen furniture, farming implements, corn and other produce, from Penelope, a station on said line, to Caldwell, Tex., which, after being wrecked en route, was destroyed by fire, and this suit is brought to recover the value of its contents. Appellant, after general and special denial of the negligence charged, defended chiefly on the ground that the cars were wrecked by an unprecedented rainfall upon its right of way and track, and that, as a direct and proximate result thereof, said train was wrecked and the car destroyed by fire. A jury trial resulted in a verdict and judgment in behalf of appellee in the sum of $1,516.65, from which this appeal is prosecuted.

[1] The first assignment complains that the court erred in its definition of an act of God; and the second that it erred in submitting special issue No. 5, in that it authorized a recovery not warranted by the pleadings or evidence, i. e., a recovery for the market value, no market value having been alleged or proved; and, further, because the same was misleading and confusing. Appellee objects, however, to the consideration of both of these assignments, on the ground that neither of said charges was excepted to by appellant when given, as required by the Acts of the 33d Legislature, c. 59, p. 113. An examination of the record discloses that this objection is well taken, in that it shows that no exception was taken to the charge of the court. This being the condition of the record, we cannot consider said objections and they must be regarded as having been waived. See Floegge v. Meyer et al., 172 S. W. 194, and authorities there cited. See, also, Eldridge v. Citizens' Ry. Co., 169 S. W. 375; Saunders v. Thut, 165 S. W. 553; Q. & P. Ry. Co. v. Galloway, 165 S. W. 546.

[2] Appellant's third assignment urges that the verdict is excessive, insisting by its proposition thereunder that the verdict was based upon the original cost of many of the articles included in the shipment, which were shown to have been secondhand and in use for a long time. We have carefully examined the record, and it discloses that nearly one-half of the property shown to have been destroyed consisted of wearing apparel, bedding, household and kitchen furniture, farming implements, a wagon, buggy, guns, carpenter tools, and other articles which had been in use for some time. The value placed thereon by the witnesses was what they paid for them when new. In the nature of things, property of this character must greatly depreciate in value by use, and, in the event of loss by the negligence of the railway company, its full value cannot be recovered.

We have concluded, therefore, that this assignment should be sustained, and if the appellee will file a remittitur of $250 within 10 days from this date, the judgment will be affirmed for the balance, to wit, $1,266.65, otherwise the judgment will be reversed, and the cause remanded for another trial.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes