## AMERICAN PRODUCE CO. v. GONZALES. (No. 845–4916.)

Commission of Appeals of Texas, Section B. Jan. 18, 1928.

**I. Pleading** ⊗⇒34(3)—Every reasonable intendment is indulged in favor of sufficiency of pleading as against general demurrer.

As against general demurrer, every reasonable intendment will be indulged in favor of sufficiency of pleading.

**2. Master and servant** ⊗⇒329—Complaint alleging defendant's truck was operated by its servant held sufficient, notwithstanding failure to allege operator was within scope of employment.

In action for injuries, complaint alleging that defendant owned truck and that truck was

being operated by defendant's agent, servant, or employee, *held* to sufficiently allege master and servant relationship as against general demurrer, notwithstanding omission to allege that person operating truck was acting within the scope of his employment at time of alleged acts of negligence.

**3. Appeal and error** ⊗⇒750(8)—Absence of assignment attacking verdict as excessive held not to prevent consideration on appeal of instruction permitting recovery for future medical expenses.

Absence of assignment complaining of verdict as excessive *held* not to prevent consideration on appeal of instruction permitting injured plaintiff's recovery for expenses incurred or to be incurred for medical services, since excessiveness of verdict was question of fact which Supreme Court could not review and was shown presumptively by fact of error alleged in instruction.

**4. Appeal and error** ⊗⇒1004(1)—Supreme Court has no jurisdiction to determine fact question whether verdict is excessive (Rev. St. 1925, art. 1862).

Supreme Court has no jurisdiction to determine whether verdict is excessive, since such question is one of fact; excessiveness of verdict being recognized by Rev. St. 1925, art. 1862, as error for which reversal may be had.

**5. Appeal and error** ⊗⇒842(1)—Supreme Court reviews only questions of law.

Supreme Court can review only questions of law, and its right and duty to review such questions cannot be denied because of failure to present questions of fact which develop out of error of law.

**6. Appeal and error** ⊗⇒1026—Error in material respect calculated to injure losing party warrants reversal.

Error in a material respect calculated to injure losing party is ground for reversal, unless it reasonably appears that such result was not prejudicial, and injured party whose substantial rights are affected need not show affirmatively that error was harmful.

**7. Appeal and error** ⊗⇒1066—Instruction permitting jury to award damages for future medical expenses, if any, held error requiring reversal, where unsupported by evidence of reasonable value.

Instruction in action for injuries, permitting jury to take into consideration expenses incurred or to be incurred by plaintiff for physicians' services, hospital bills, medicines, *held* error requiring reversal, where there was no evidence of reasonable value of future medical services or expenses, though instruction was modified by use of phrase "if any"; it being presumed that jury included improper items as damages.

**8. Appeal and error** ⊗⇒930(2)—In absence of contrary showing, it is presumed jury considered items of damage, consideration of which court improperly authorized.

Where court improperly authorized consideration and inclusion of items as damages which were not supported by evidence, it is presumed,

in absence of contrary showing, that jury considered such items in determining verdict.

**9. Damages ⊜⟾163(4)—No recovery can be had for special damages in absence of proof of loss and reasonableness or value of particular item or element.**

No recovery can be had of damages for those things which do not result necessarily from the act complained of, in the absence of proof of the loss or injury, and the reasonableness, extent, or value of the elements or items of special damages.

**10. Damages ⊜⟾163(4)—Recovery for future medical expense in action for injuries is unauthorized, in absence of proof of reasonable value thereof.**

No recovery can be had for physicians' services, hospital bills, and medical expenses, expected to be incurred as result of injury, in absence of proof of reasonable amount of such expense.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Frank Gonzales against the American Produce Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (294 S. W. 273), and defendant brings error. Judgments reversed, and cause remanded.

Lewright & Lewright and W. M. Groce, all of San Antonio, for plaintiff in error.

Davis & Wright, of San Antonio, for defendant in error.

SPEER, J. This is a personal injury suit brought by defendant in error against plaintiff in error, tried to a jury, resulting in a verdict and judgment in favor of the plaintiff for $5,000, which was affirmed by the Court of Civil Appeals for the Fourth District. 294 S. W. 273.

At the threshold of the case we are asked by defendant in error to sustain a motion to dismiss the appeal to the Court of Civil Appeals. We find no error in the action of the court in that respect.

[1, 2] It is first complained by plaintiff in error that defendant in error's petition is subject to a general demurrer. The proposition is that:

"In a suit for damages for personal injuries, where the plaintiff alleges that such injuries directly resulted from the negligence of the operator of an automobile owned by the defendant and also alleged that such automobile was being operated by the agent, servant, or employee of defendant, without in any manner stating that the operator of such truck was acting within the scope of his employment at the time of the alleged acts of negligence, the trial court should sustain the general demurrer to such petition, and his refusal to do so constitutes error of such nature as to require a reversal of the judgment rendered in such cause."

We cannot sustain this proposition. The rule is that, as against a general demurrer, every reasonable intendment will be indulged in favor of the sufficiency of the pleading. The allegation that the defendant's truck was being operated by its agent, servant, or employee is sufficient, and implies that, at the time, the agent, servant, or employee was acting within the scope of his employment. What one does through an agent, he does himself. The omission complained of could only be reached by a special exception.

The case was submitted upon special issues, among which was:

"(11) What amount of damages, if any, would, if paid now, reasonably compensate the plaintiff for such injuries, if any, as you may find from the evidence to have been sustained by him as alleged in plaintiff's petition?"

In this connection, the court instructed the jury as follows:

"In considering such damages, if any, you may take into consideration pain, if any, suffered or to be suffered by the plaintiff as a direct result of such injuries, if any, together with necessary and reasonable expenses, if any, incurred or to be incurred by plaintiff for physicians' services, hospital bills and medicines as a direct result of such injuries, if any, together with loss of time, if any, up to the present, so resulting."

The defendant duly objected to this instruction, "because there is no sufficient evidence before the jury as to the reasonable amount of any future necessary expenses to be incurred by plaintiff for physicians' services and (or) hospital bills and (or) medicines."

[3-6] It is insisted by defendant in error that we should not consider the assignment presenting this point, because such alleged error should not be reviewed in the absence of an assignment complaining of the excessiveness of the verdict by reason of the error. But this objection is not tenable. There is no question of "excessiveness," as that term is used in the statutes and decisions involved in this case. Whether or not a verdict is excessive is a question of fact over which the Supreme Court has no jurisdiction (Horton v. Benson [Tex. Com. App.] 277 S. W. 1050), and, moreover, excessiveness of itself is recognized by statute (Rev. St. 1925, art. 1862) as error for which a reversal may be had if not cured by remittitur. The Supreme Court can only review questions of law. Its right and duty to review a question of law duly presented cannot be denied because of the failure of the complainant to present to it another question wholly of fact over which it has no jurisdiction, even though it grew out of the error of law. The nature of the error here complained of is such that any recovery whatever for the elements mentioned

---

⊜⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

would be erroneous in its entirety, not excessive. Every litigant has the right to have his case tried in substantial compliance with the established rules of law, in so far as they affect his substantial rights, for the denial of which he will be entitled to a reversal without the necessity of showing affirmatively that such error was harmful. The rule is well established that error in a material respect calculated to injure the losing party will be cause for reversal unless it reasonably appears that such result did not follow. M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508; Houston, etc., Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Southern Traction Company v. Wilson (Tex. Com. App.) 254 S. W. 1104; Gulf, etc., Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; San Antonio, etc., Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765.

So that there is no need of an attack for excessiveness as a means of showing harm; it is shown, presumptively, by the error. To be sure, in weighing the probable effect of an error, the court will consider the nature of the error and the entire record (Bell v. Blackwell, supra) relevant so far as to determine whether or not there was probable injury— that is, to support or overcome the presumption of harm arising from the error assigned. But there is no necessity for two assignments to present one error.

While the cases just cited are not instances of error committed in the charge, nevertheless the same rule applies to cases of that kind. See Emerson v. Mills, 83 Tex. 388, 18 S. W. 805; Taylor, etc., Co. v. Warner, 88 Tex. 642, 32 S. W. 868; Weisner v. Railway Co. (Tex. Com. App.) 207 S. W. 904; Texas, etc., Co. v. Jones (Tex. Com. App.) 243 S. W. 980; Eastern, etc., Co. v. Baker (Tex. Com. App.) 254 S. W. 933; Humble, etc., Co. v. McLean (Tex. Com. App.) 280 S. W. 557.

[7, 8] The record appears to support plaintiff in error's contention that there was no evidence to justify the instruction given. Indeed, the Court of Civil Appeals upon this point says:

"The evidence was that appellee would require medical attention and observation for a period of from two to six years, but there was not even a remote surmise in the evidence as to the probable reasonable cost of such treatment. * * * There was no evidence, either, that appellee would likely be required to incur hospital expenses, referred to and authorized in the charge complained of."

That court conceded that the charge might be technically erroneous, but was of the opinion that it was not substantially so, saying "it did not direct the jury to award damages for hospital or medical fees, for it was modified by that familiar and useful, and much used and abused, phrase 'if any.'" We cannot agree with this reasoning. Of course the charge did not summarily direct a finding for these items, but it expressly authorized their consideration, and necessarily their inclusion, in the answer to issue No. 11, inquiring the amount of damages. We cannot assume that the jury disregarded the permission thus given them, because there was no evidence to support such a finding, but, on the contrary, the court, whose duty it is to submit such issues only as are raised by the pleading and the evidence, having authorized the consideration and inclusion of these items, the jury may have done so, and, in the absence of a showing to the contrary, such will be the presumption. We are unable to say the jury did not do what they were expressly authorized to do. If they did consider such items and include them, it was error. Whether they did or not being at least doubtful, a reversal must follow.

[9, 10] It is well settled that no recovery can be had of damages for those things which do not result necessarily from the act complained of, in the absence of proof of the loss or injury, and the reasonableness, extent, or value of the element or item, as the case may be. Such principle is fundamental. It has been applied frequently in cases involving a recovery in personal injury cases for lost time, diminished capacity to earn money, doctor's bills, medicine, and the like. See T. & P. Ry. Co. v. Curry, 64 Tex. 85; International, etc., Co. v. Simcock, 81 Tex. 503, 17 S. W. 47; Galveston, etc., Co. v. Thornsberry (Tex. Sup.) 17 S. W. 521; Missouri, etc., Co. v. Warren, 90 Tex. 566, 40 S. W. 6; Wheeler v. Tyler, etc., Co., 91 Tex. 356, 43 S. W. 876; Houston, etc., Co. v. Rowell, 92 Tex. 147, 46 S. W. 630; Missouri, etc., Co. v. Reasor, 28 Tex. Civ. App. 302, 68 S. W. 332 (writ refused).

It is unnecessary for us to pass upon the assignments complaining of the misconduct of the jury, since such matters will probably not arise upon another trial.

For the error discussed, we think the judgments of both courts below should be reversed, and the cause remanded for another trial.

CURETON, C. J. Judgments of the district court and the Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.